Howard P. SIEVERT, Respondent,

v.

CITY OF LAKEFIELD, Appellant.

No. 81–476.

Supreme Court of Minnesota.

May 14, 1982.

Lewis & Price and Kenneth H. Price, City Atty., Lakefield, for appellant.

James M. Williams, Minneapolis, for respondent.

SCOTT, Justice.

Defendant City of Lakefield appeals from a judgment awarding plaintiff Howard P. Sievert $12,000 for breach of contract to supply improvements to his property. The sole issue on appeal is whether Sievert waived his right to assert a claim against the city by failing to appeal from the adoption of special assessments for the improvements. We conclude that Sievert's suit is barred by waiver and, therefore, we reverse.

On November 4, 1975 Sievert presented a proposal to construct a golf course, clubhouse, and 25-unit single family residential development to the Lakefield City Council and inquired whether the city would be willing to fund some of the required improvements from general revenues. The city informed Sievert that its policy, established by ordinance, was to assume the cost of installing the gravel road base for the streets in the residential development. Sievert determined to proceed with the project and on March 2, 1976 filed a petition requesting the improvements pursuant to Minn.Stat. § 429.031, subd. 3 (1980).[1] That same day the city adopted a resolution ordering the improvements.

---

1. "Whenever all owners of real property abutting upon any street named as the location of any improvement shall petition the council to construct the improvement and to assess the entire cost against their property, the council may, without a public hearing, adopt a resolution determining such fact and ordering the improvement."

On June 8, 1976 the city modified its ordinance to require assessment of the full cost of street improvements, including gravel road base, against adjoining real estate. Sievert proceeded with his development despite the change because he had commenced the rough land work on the golf course by the time he became aware of the amendment. The city made the improvements called for by the petition and assessed their full cost against the residential lots in the development.

The assessment roll became final on December 1, 1977. Sievert did not object to the assessments before the Lakefield City Council. He did not seek review by the district court of their adoption. Nor did he object to real estate taxes pursuant to Minn.Stat. § 278.01 (1976). On October 30, 1979 he commenced this suit alleging breach of a contract to supply improvements. The trial court submitted the case to a jury which found that the city had contracted to furnish road base and that it had breached the contract causing damages of $12,000.

Minn.Stat. § 429.081 (1976) allowed a person aggrieved by a special assessment 20 days from its adoption to appeal to the district court.[2] It provided, as does the current version, that "[a]ll objections to the assessment shall be deemed waived unless presented on such appeal." In *Continental Sales & Equipment Co. v. Town of Stuntz*, 257 N.W.2d 546 (Minn.1977) we held that, despite the above-quoted language, an alternative remedy was provided by Minn. Stat. § 278.01 (1976) governing objections and defenses to payment of real estate taxes. Shortly after that decision the legislature amended section 429.081 by adding the sentence: "This section provides the exclusive method of appeal from a special assessment levied pursuant to this chapter." In *Krahl v. Nine Mile Creek Watershed District*, 283 N.W.2d 538 (Minn.1979) we observed that this change clarified legislative intent that there be no other avenue of contesting special assessments.

Since the legislative intent of section 429.081 is clear, Sievert can maintain his suit only if it is not an attack on a special assessment. While his complaint seeks monetary damages rather than vacation of the assessment, the remedy when an assessment is attacked directly, the sole proof of damages relates to the amounts of the allegedly wrongfully levied assessments. This difference in requested relief is, in our view, insufficient to transform the essence of the suit. Moreover, there is no suggestion that Sievert could not have presented his contract claim at the hearing before the Lakefield City Council. Minn.Stat. § 429.-061, subd. 2 (1980), broadly requires the city to hear and pass upon "all objections" to the proposed assessment and section 429.081 implicitly permits all such objections to be raised on appeal.[3] Under these circumstances, we conclude that Sievert has waived his right to assert the breach of contract claim.

Reversed.

---

**2.** A 1978 amendment increased the appeal period to its present 30 day length. Act of Apr. 5, 1978, ch. 749, § 2, 1978 Minn.Laws 906, 907.

**3.** At the time these assessments were adopted it was not necessary to object before the city council to preserve one's right to appeal. *In re*

*Downtown Dev. Project v. City of Marshall*, 281 N.W.2d 161 (Minn.1979). Subsequent amendment in 1978 requires a written objection at the legislative level. Minn.Stat. § 429.-081 (1980).