CITY OF CHISAGO CITY, Respondent,

v.

Vernon E. POULTER, et al., Appellants.

No. C8–83–1248.

Court of Appeals of Minnesota.

Jan. 11, 1984.

Robert G. Rancourt, Lindstrom, for appellants.

Mark A. Karney, Roseville, for respondent.

Heard, considered, and decided by POPOVICH, C.J., and FOLEY and SEDGWICK, JJ.

POPOVICH, Chief Judge.

This is an appeal from an order of the district court dismissing appellants' appeal from the defendant city's special assessment allocating the cost of a street and utility improvement. We reverse and remand.

## FACTS

On September 28, 1982, the Chisago City Council conducted a special assessment hearing regarding special assessments proposed for certain parcels of land abutting a newly constructed frontage road, which included installation of sewer and water lines. The assessments, as proposed and discussed at that meeting, were adopted at a special meeting of the city council on October 5, 1982.

Appellants did not attend the assessment hearing. They assert that they did not receive notice of the assessment hearing until October 26, 1982, when they received mailed notice that a $150,280.73 assessment had been levied against their property. That day, they went to the city clerk of Chisago City, requested and received a copy of the notice for the September 28th assessment hearing.

On November 3, 1982, appellants' attorney drafted an appeal objecting to the special assessments because of lack of benefits and failure to provide notice of the assessment hearing as required by Minn.

Stat. § 429.061, Subd. 1 (1982). The appeal was served on the city clerk on November 4, 1982, within the statutory time for appeal, and filed with the clerk of court on November 15, 1982.

On July 29, 1983, at special term, the district judge for Chisago County granted the city's motion and dismissed appellants' appeal with prejudice. The basis for the dismissal was the city clerk's affidavit dated July 25, 1983, stating that notice had been properly published and mailed to appellants and no written objections had been received from appellants at the assessment hearing. No oral testimony was taken, although offered by appellants.

## ISSUE

The critical issue is whether appellants' failure to submit written objections at the assessment hearing, based on asserted lack of notice of the hearing, was reasonable cause permitting an assessment appeal in district court.

## ANALYSIS

This is a case of first impression, construing the 1980 amendment to Minn.Stat. § 429.061 prohibiting a court appeal unless written objections are filed and providing that all objections not registered at the assessment hearing are waived unless the failure to object is due to a reasonable cause. See Laws of Minnesota 1980, Chapter 607, Article XI, Sections 1 and 2.

■ Minn.Stat. § 429.061, Subd. 1 (1982), requires that notice of a property assessment hearing must be published in a newspaper at least once and that the owners of each parcel of land proposed to be assessed as described in the assessment roll shall be mailed a notice of such hearing no less than two weeks prior to the meeting, and provides in relevant part:

> [n]o appeal may be taken as to the amount of any assessment ... unless a written objection signed by the affected property owner is filed with the municipal clerk prior to the assessment hearing

or presented to the presiding officer at the hearing.

Minn.Stat. § 429.061, subd. 2 (1982) provides in part:

\* \* \* \* \* \*

The Council may consider any objection to the amount of a proposed assessment as to a specific parcel of land at an adjourned hearing upon further notice to the affected property owner as it deems advisable. At the adjourned hearing the council or a committee of it may hear further written or oral testimony on behalf of the objecting property owner and may consider further written or oral testimony from appropriate city officials and other witnesses as to the amount of the assessment. The council or committee shall prepare a record of the proceedings at the adjourned hearing and written findings as to the amount of the assessment. The amount of the assessment as finally determined by the council shall become a part of the adopted assessment roll. *All objections to the assessments not received at the assessment hearing in the manner prescribed by this section are waived, unless the failure to object at the assessment hearing is due to a reasonable cause.* (Emphasis supplied.)

\* \* \* \* \* \*

Legislative history indicated that the sponsors of the legislation intended a lack of notice would constitute "reasonable cause." *See,* Remarks of Stan Peskar, general counsel for the League of Cities, and sponsors of the legislation, House Tax Committee, March 20, 1980, where he said:

Before this could be undertaken, an assessment could be made, they, meaning the landowners, would have to receive notice of the assessment, have an opportunity to object, if they didn't receive proper notice, they'd still have the present means of going to court within 30 days after adoption of the assessment roll and appealing it.

*See also,* Remarks of Duke Addicks, attorney and lobbyist for the League of Cities, Senate Local Government Committee, March 10, 1980.

The amendment was not enacted to preclude property owners of their right to appeal if the appeal was timely filed under Minn.Stat. § 429.081, where the reason for failure to submit written objections before or at the assessment hearing was due to reasonable cause. Certainly not receiving notice of the assessment hearing constitutes reasonable cause and property owners should be given an opportunity of proving lack of notice.

The special term court gave no reasons for granting the city's motion to dismiss appellants' appeal. The record before us is limited. The only evidence the trial court had before it was an affidavit by the city clerk that all affected property owners were sent notice of the assessment hearing, and an affidavit by the appellants' attorney that his clients did not receive such notice. The city clerk's affidavit was not made contemporaneously with the assessment proceedings but nearly a year later and then to support the city's motion to dismiss. The preferred procedure is that the city clerk's certificate of mailing and publication be entered as part of the assessment hearing minutes.

There were no affidavits of the appellants. However, they were present at the special term hearing and appellants' attorney offered their oral testimony. The city's attorney objected, and the court did not allow appellants to testify on the crucial receipt of notice issue.

Since the affidavit of the city clerk creates a presumption that appellants received notice of the hearing, we believe that refusing the appellants the opportunity to testify at the special term hearing denied them the opportunity to rebut this presumption.

The League of Cities' *Local Improvement Guide 1982,* p. 36, comments on this point as follows:

Not less than two weeks prior to the hearing this notice must also be mailed to the owner of each parcel described in

the assessment roll. If a city wants to improve its chances of successfully defending against appeals not raised at the assessment hearing, it may want to consider use of return receipt mail with follow up personal service for those not reached in the mailing. This should minimize "reasonable cause" excuses for failure to object at the assessment hearing.

Our research reveals that only the state of Washington has a similar requirement for written objections, denying a court appeal unless the written objection be made by the assessment hearing; but does not have a reasonable cause exception as in Minnesota. *See* Wash.Rev.Code §§ 35.44.-080, 35.44.190, 56.20.050, 56.20.070.

In *Peterson, et al. v. Cascade Sewer District*, 20 Wash.App. 750, 582 P.2d 895 (1978), the Washington court of appeals held that the filing of written objections to the assessment roll at or prior to the hearing was jurisdictional. *In re Indian Trail Trunk Sewer System*, 35 Wash.App. 212, 666 P.2d 378 (1983), the court of appeals held that oral objections voiced at an assessment hearing, which were reduced to writing and included in the transcript of the city council, was substantial compliance with the written objection requirement and the superior court had jurisdiction to proceed with the assessment appeal.

We have found no cases in other states interpreting similar statutory provisions.

Statutory assessment proceedings are to be strictly construed, but where an exception is statutorily provided, property owners ought to be able to show the failure to object was due to a reasonable cause.

### DECISION

Appellants should have an opportunity to prove that they did not receive the assessment hearing notice that the city clerk, in the 1983 conclusionary affidavit, claims to have sent them. Appellants should have an opportunity to prove reasonable cause for not filing written objections at the assessment hearing. We venture no opinion, based on this limited rec-ord, whether there might have been actual notice and, if so, its effect on the ultimate jurisdictional issue. We also direct the parties' and the trial court's attention to Minn. Stat. § 429.071 (1982). If the trial court is satisfied that good cause exists and a valid appeal has been taken, the other factual issues raised in the notice of appeal may then be litigated.

Reversed and remanded.