**Alfreda HABEL and Lester Habel, Appellants,**

v.

**CITY OF CHISAGO CITY, A Municipal Corporation, Respondent.**

**No. C3–83–1674.**

Court of Appeals of Minnesota.

April 10, 1984.

Mark N. Jennings, North Branch, for appellants.

Mark A. Karney, Roseville, for respondent.

Heard, considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ.

## OPINION

POPOVICH, Chief Judge.

This is an appeal from an order of the Chisago County District Court dismissing the property owners' appeal to that court from the city's special assessment allocating the cost of a street and utility improvement. We affirm.

## FACTS

On August 10, 1982, at a regular meeting of its City Council, the City of Chisago City scheduled a hearing to be held regarding the assessment of a frontage road and utility improvements. The hearing was scheduled pursuant to Minn.Stat. § 429.061, subd. 1 (1982). The assessments were calculated by the city clerk and engineer, with the aid of a bond company, pursuant to Minn.Stat. § 429.051 (1982). The clerk published notice of the proposed assessment hearing in the local newspaper and mailed notice to appellants' homestead four weeks prior to the hearing date. On the day before appellants left for a vacation they received and reviewed the notice of the hearing, which was as follows:

## NOTICE

### CITY OF CHISAGO CITY

### COUNTY OF CHISAGO

### STATE OF MINNESOTA

TO WHOM IT MAY CONCERN:

Notice is hereby given that the City Council of Chisago City will meet at 7:00 P.M. on September 28, 1982, in the Council Chambers at the City Hall to pass upon the proposed assessment against abutting property for the improvement to Frontage Road from Trunk Highway No. 8 to Lofton Avenue (County Road No. 77) and access roads from the Frontage Road to Trunk Highway No. 8, including turn lanes and other improvements to Trunk Highway No. 8 at said Frontage Road and access road locations and also including road construction, sewer and water utilities. All of the above being located in Sections 5 and 6, Township 33 North, Range 20 West. The proposed assessment is on file for public inspection at my office. Written or oral objections will be considered at the meeting, but the Council may consider any objection to the amount of a proposed individual assessment at an adjourned meeting upon such further notice to the affected property owners as it deems advisable.

An owner may appeal an assessment to District Court pursuant to Minnesota Statutes Section 429.081 by serving notice of the appeal upon the Mayor or Clerk of the City within 30 days after the adoption of the assessment and filing such notice with the District Court within ten days after service upon the Mayor or Clerk; however, no appeal may be taken as to the amount of any individual assessment unless a written objection signed by the affected property owner is filed with the City Clerk prior to the assessment hearing or presented to the presiding officer at the hearing.

September 1, 1982

Chester Medin

City Clerk

On September 28, 1982, the Chisago City Council conducted a special assessment hearing. The appellants did not appear at the hearing, nor did they present a written objection prior to or at the hearing. The assessments, as proposed and discussed at that meeting, were adopted at a special meeting of the City Council on October 5, 1982. After discovering the assessment of $107,155.35, the appellants filed a notice of appeal.

On August 29, 1983, the City moved to dismiss appellants' appeal. The trial court granted the City's motion and dismissed appellants' appeal.

## ISSUES

1. Did the trial court err in determining that the appellants failed to demonstrate reasonable cause in not submitting written objections at or before the assessment hearing?

2. Was the notice sent by the City defective for failing to inform appellants of the provisions of Minn.Stat. §§ 435.193 and 435.195 (1982)?

## ANALYSIS

This is the second case involving an appeal of the assessments adopted by Chisago City on October 5, 1982. *See City of Chisago City v. Poulter*, 342 N.W.2d 167 (Minn.App.1984). Other challenges have also been made by property owners. Once again we are asked to construe Minn.Stat. § 429.061, amended in 1982, which prohibits an appeal of assessments unless written objections are filed at or before the assessment hearing. The statute reads, in relevant part:

> [n]o appeal may be taken as to the amount of any assessment * * * unless a written objection signed by the affected property owner is filed with the municipal clerk prior to the assessment hearing or presented to the presiding officer at the hearing.

Minn.Stat. § 429.061, subd. 2 provides in part:

> *  *  *  *  *  *

> All objections to the assessments not received at the assessment hearing in the manner prescribed by this section are waived, unless the failure to object at the assessment hearing is due to a reasonable cause.

■ An aggrieved property owner must "object before the city council to preserve one's right to appeal." *Sievert v. City of Lakefield*, 319 N.W.2d 43, 44, n. 3 (Minn. 1982). *See also Peterson v. City of Inver Grove Heights*, 345 N.W.2d 274 at 277

(Minn.Ct.App.1984). An appeal of the assessment may be made within 30 days after its adoption if the owners are "not precluded by failure to object prior to or at the assessment hearing, or whose failure to so object is due to a reasonable cause * *." Minn.Stat. § 429.081 (1982).

These statutory conditions must be strictly complied with because the right to appeal a special assessment exists only by statute. *Ewert v. City of Winthrop*, 278 N.W.2d 545, 550 (Minn.1979); *Wessen v. Village of Deephaven*, 284 Minn. 296, 298, 170 N.W.2d 126, 128 (1969).

■ It is undisputed that the appellants received a notice of the assessment hearing and failed to object. The question is whether appellants have shown reasonable cause for their failure to object.

In *City of Chisago City v. Poulter*, 342 N.W.2d 167, 169 (Minn.App.1984), this Court held that non-receipt of the notice of the assessment hearing constituted reasonable cause. The trial court in this case stated, and we must agree, that the misunderstanding of one's rights or the failure to read past a semicolon in a notice did not constitute reasonable cause.

■ Appellants raise three reasons in support of their reasonable cause argument. First, they argue the September 1, 1982 notice did not stand out in any particular way from prior City notices. The short answer to this is that nothing in the statute requires that the notice stand out or that certain sections be emphasized. Second, they argue the language in the notice was misleading. We do not deem the notice deficient, although provisions of the notice were not presented exactly in the same order as in the statute. However, in the future, to avoid the appearance of any improper intent by the City, we suggest the notice be given identical to the language of the statute and that the amount of the assessment be included.[1] Third, the appellants argue that since they were in the

---

1. In *Peterson*, at 277, we invited the legislature "to review the notice requirements concerning assessments so that property owners will have a clearer picture of what is involved in the proposed assessment." We indicated that we were "primarily troubled by the fact that in the notice a dollar figure of the proposed assessment is not set out against a particular described property."

midst of packing for an East Coast trip they did not give the notice the attention it deserved. Certainly it is unfortunate that appellants received the notice on the eve of their vacation and read it hastily. However, that does not excuse their failure to take reasonable action such as contacting the City Clerk or an attorney or returning from their vacation earlier.

The appellants are understandably upset over the amount of the assessment. They may have to sell their home because of the burden of the $107,155.35 assessment. Had they objected, they might even have been able to prove the assessment exceeds the benefits received. Nonetheless, we cannot approve appellants' inaction. To hold that these appellants had reasonable cause for failing to object would create chaos in assessment proceedings before Minnesota municipalities.

The appellants also claim the September 1, 1982 notice was defective because it failed to inform them of the deferments available to retired or disabled persons under Minn.Stat. §§ 435.193 and 435.195, as mandated by Minn.Stat. § 429.061, subd. 1. Minn.Stat. § 429.061, subd. 1, provides in part:

> The notice shall inform property owners of the provisions of sections 435.193 to 435.195 and the existence of any deferment procedure established pursuant thereto in the municipality.

Chisago City had not enacted a deferment ordinance and thus any reference to possible deferment was deleted to avoid confusion. We believe the deferment portion of Minn.Stat. § 429.061, subd. 1 can be reasonably read as requiring information of the deferment statutes and of their procedures only if the municipality has established a deferment policy. To require notice of deferment and procedures when these optional deferments have not been established by the municipality would be absurd, in contravention of the well settled rule that the legislature does not intend an absurd result. Minn.Stat. § 645.17(1) (1982). Moreover, the appellants have not been prejudiced in any way by the failure of the notice to include the deferment options since they were not eligible for a deferment even if the City had established a deferment ordinance.

## DECISION

The decision of the trial court dismissing appellants' appeal is affirmed. However, in view of the number of challenges to the 1982 assessments by property owners other than appellants, we call the City's attention to Minn.Stat. § 429.071 relating to supplemental or reassessment proceedings to correct errors regarding benefits received. In this manner, the appellants could then present their objections in writing to the council for proper consideration.