**Juris CURISKIS, Appellant,**

v.

**CITY OF MINNEAPOLIS, Respondent.**

No. A06–982.

Court of Appeals of Minnesota.

April 10, 2007.

Juris Curiskis, Minneapolis, MN, pro se appellant.

Jay M. Heffern, Minneapolis City Attorney, Edward A. Backstrom, Assistant City Attorney, Minneapolis, MN, for respondent.

Considered and decided by RANDALL, Presiding Judge; TOUSSAINT, Chief Judge; and HUDSON, Judge.

## OPINION

RANDALL, Judge.

On appeal from a summary judgment for the city in this special-assessment dispute, pro se appellant argues that the district court miscalculated the filing deadline for challenging a special assessment when it ruled that appellant's appeal was untimely and, therefore, the district court lacked jurisdiction to address the challenge. We agree and reverse.

## FACTS

On April 19, 2005, the City of Minneapolis sent notice of a public hearing, to be held May 3, 2005, to residents regarding the Bryn Mawr renovation project. The street reconstruction project included new curbs, gutters, and other paving improvements. The city sought to divide project costs between general city funds and special assessments to benefited properties.

The city's notice informed recipients that a public hearing would be conducted "pursuant to Chapter 10, Section 6 of the

Minneapolis City Charter." Further, the notice assured recipients that "all written and oral objections" would be heard, and provided the following language regarding written objections and the appeals process:

At the time of the public hearing, the Committee will provide an opportunity for all interested persons to be heard regarding the proposed assessments and the Committee will consider all written and oral objections and statements.

Should a person be unable to attend and wishes to object or comment, please send a written objection or statement in sufficient time for it to arrive prior to the time of the public hearing ... If the proposed assessment is adopted or adopted as modified and the owner of the property is dissatisfied with the assessment against the property, the owner may appeal the assessment to the District Court. To appeal, there must be a written Notice of Appeal served on the Mayor or City Clerk of the City of Minneapolis within 30 days after the City Council adoption of the assessment. Also, a copy of the written Notice of Appeal must be filed with the Court Administrator of the District Court within 10 days after its service upon the Mayor or City Clerk and accompanied by the appropriate filing fees.

It is undisputed that appellant did not file any objections with the city prior to the public hearing. At the public hearing, appellant and other affected residents submitted a signed petition, declaring a violation of their due process rights and requesting the city to stop all proceedings until Bryn Mawr residents received more information. Appellant conceded that the petition did not state objections to his assessment.

On May 13, 2005, the Minneapolis City Council approved the special assessment. Appellant filed an appeal challenging the special assessment with the Minneapolis mayor and the city clerk on June 10, 2005. On June 20, 2005, appellant filed an appeal with Hennepin County district court.

The district court granted the city's motion for summary judgment, focusing on the jurisdictional issues that no objections were filed by appellant prior to the public hearing and that appellant's June 20 filing with the district court was untimely. This appeal followed.

## ISSUE

Did the district court err in granting summary judgment?

## ANALYSIS

Summary judgment is appropriate where there are no genuine issues of material fact, and where the moving party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03; *DLH, Inc. v. Russ,* 566 N.W.2d 60, 69 (Minn.1997). "On appeal, the reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993) (citation omitted). The party opposing summary judgment must establish a genuine issue for trial by "substantial evidence." *DLH,* 566 N.W.2d at 69–70. "On an appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the [district] court[ ] erred in [its] application of the law." *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990).

"[A]ppeals by property owners from assessments are wholly statutory, there being no common-law right to such appeal, and that the conditions imposed by the statute must be strictly complied with." *Wessen v. Village of Deephaven,* 284 Minn. 296, 298, 170 N.W.2d 126, 128 (1969).

Minnesota Statutes chapter 429 governs local improvements and special assessments, and allows a city to use either chapter 429 or its home rule charter in making improvements and imposing special assessments. Minn.Stat. § 429.111 (2006). It is undisputed here that the city elected to use its home rule charter. Consequently, the charter rules govern the appeals process with which a disgruntled property owner must comply. *See* Op. Att'y Gen. 707a–4 (Aug. 1, 1955) (stating that once the election provided for in this section, to proceed under the statute or the charter, is made, the charter provisions or the statutory provisions, as the case may be, must be followed throughout the particular proceeding). "A charter may, however, incorporate state law by reference. Thus, where the city elects to proceed under its charter, state law does not automatically apply unless the charter so states or the state legislature has expressly or impliedly made the charter subject to state law." *Gadey v. City of Minneapolis,* 517 N.W.2d 344, 348 (Minn.App. 1994), *review denied* (Minn. Aug. 24, 1994). This court, in *Gadey,* acknowledged that the 1969 session laws allowed the city to proceed with assessments under its charter and made chapter 429 available to the city. *Id.* Neither the district court nor respondent acknowledge the interplay between the charter and the statutes, specifically if and where the charter permits alternating back and forth between the charter and the statutes. The charter contains such reference,[1] but it is irrelevant here because respondent concedes that the charter controls.

Chapter 429 provides that if the city proceeds under its charter rules for special assessments, "such provisions shall be deemed to include a requirement that notices of proposed assessments *inform* property owners of the procedures they *must* follow under the charter in order to appeal the assessments to district court." Minn.Stat. § 429.021, subd. 3 (2006) (emphasis added). The city complied with this statutory requirement by including the following language in the notice sent to residents:

> If the proposed assessment is adopted or adopted as modified and the owner of the property is dissatisfied with the assessment against the property, the owner may appeal the assessment to the District Court. To appeal, there must be a written Notice of Appeal served on the Mayor of City Clerk of the City of Minneapolis within 30 days after the City Council adoption of the assessment. Also, a copy of the written Notice of Appeal must be filed with the Court Administrator of the District Court within 10 days after its service upon the Mayor or City Clerk and accompanied by the appropriate filing fees.

This appeals language also complied with the appeals process disclosure requirement in the city charter rules. Minneapolis, Minn., City Charter ch. 10, § 8 (2005). Specifically, section 8 states that a dissatisfied property owner "may appeal to district court by serving a notice upon the Mayor or the City Clerk within thirty days after the City Council has adopted the assessments and by filing the notice with the clerk of the district court within ten days after its service. . . ." *Id.* Section 6 of the charter rules directly addresses appeals of special assessments. Under sec-

---

**1.** The charter references chapter 429 only by stating the "attention of the user is called to the following special acts relating to local improvements and assessments therefore: . . . (3) Laws 1969, Ch. 499, authorizing the city, at its option, to make local improvements and levy special assessments either under its Charter or under M.S. Ch. 429 or other statutory authority." Minneapolis, Minn., City Charter ch. 10, special references (2005).

tion 6, a dissatisfied property owner "*may at any time before* such award or assessment shall be confirmed by the City Council" file a written objection with the city clerk. Minneapolis, Minn., City Charter ch. 10, § 6 (2005) (emphasis added). Upon confirmation of the special assessment, "[a dissatisfied property owner] so objecting shall have the right to appeal ... at any time within thirty days after such order." *Id.* Section 6 goes on to state that an appeal must be filed with the mayor or city clerk and with the district court within 10 days. *Id.*

Section 6 is ambiguous. Within the same sentence it states that a property owner *may*[2] file written objections before an assessment is confirmed, and later indicates that only persons who objected have the right to appeal. The "may" language in section 6 differs from Minn.Stat. § 429.081 (2006), the statutorily prescribed appeals process:

> Within 30 days after the adoption of the assessment, any person aggrieved, *who is not precluded by failure to object prior to or at the assessment hearing,* or whose failure to so object is due to a reasonable cause, may appeal to the district court.

(Emphasis added.) The statute requires either a prior objection in writing or an objection at the assessment hearing. The charter rules, however, do not include that requirement.

The district court cites *Wessen* for the proposition that failing to file objections prior to the public hearing provides a basis for dismissal. In *Wessen,* however, Minn. Stat. § 429.081 was utilized *and not the city's charter rules.* 284 Minn. at 297, 170 N.W.2d at 127. Similarly, respondent cites *Habel v. City of Chisago City,* for the same reason, and again, *Habel* uses chapter 429 and not the city's charter rules. 346 N.W.2d 668, 669 (Minn.App.1984).

■ Given the disclosure requirement of Minn.Stat. § 429.021, subd. 3, which is deemed included if charter rules are utilized, and section 8 of the charter, both of which require disclosure of the appeals process, it is unreasonable that the city would be able to disclose less than the full appeals process. Such would be the case if a property owner was required, under the charter, to preserve a right to appeal by filing a written objection prior to the public hearing, where no mention of this step was made in the notice letter. Section 8 requires disclosure and provides language of the appeals process to be included in the notice sent to affected property owners. If there were an "additional" step required for property owners to preserve the right to appeal, this would always provide the city with an escape route to challenges of special assessments by property owners. Therefore, we conclude that under the charter rules prior objections are not required.

■ The district court found that appellant's appeal was untimely. The question becomes what the charter rule states as the timeframe for filing an appeal. Appellant argues that he timely filed, understanding from the city's April 19th notice that he had 30 days from the city's adoption of the special assessment to file a notice of appeal with the mayor or city clerk, and "an additional" ten days to file with the district court.

■ The interpretation of a statute, charter, or ordinance involves a question of law, which this court reviews de novo.

---

**2.** Chapter 10 does not define "may." *See* Minn.Stat. § 645.44, subds. 15, 15a, 16 (2006) (providing that "may" is permissive, as op-

posed to "must" and "shall" which are mandatory).

*Hibbing Educ. Ass'n v. Pub. Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn. 1985). Sections 6 and 8 both contain language regarding the timeframe established for appealing a special assessment to the district court. Two interpretations result from reading these sections. First, as respondent urges, the two-step appeals process must be fully completed within 30 days after the city's adoption of the assessment.[3] Second, as appellant urges, service upon the mayor or city clerk must occur within 30 days after the city's adoption of the assessment and upon the district court within 10 days after serving the mayor or city clerk.[4] (Put another way, a total of 40 days).

We accept the latter interpretation given that section 8 requires disclosure of the appeals process to affected property owners, and the language in section 8 is what appears in notices sent to property owners. Therefore, appellant had the right to reasonably assume he had 30 days to file his appeal with the mayor or city clerk and then an additional ten days to file with the district court. The city adopted the special assessment on May 13, 2005. Appellant filed an appeal with both the mayor and the city clerk 28 days later, on June 10, 2005. Then appellant filed the notice with the district court on June 20, 2005. Consequently, appellant timely filed.

■ Respondent argues that appellant relies upon a theory for reversal of the summary judgment order that was not previously argued before the district court. Respondent contends that appellant asserts a new theory by now claiming that he complied with section 8 filing requirements. Generally, a party may not "obtain review by raising the same general issue litigated below but under a different theory." *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (citation omitted). However, because section 8 and section 6 are both involved in this case and contain filing requirements, this issue was properly addressed.

## DECISION

Because appellant timely filed his appeal with the mayor, city clerk and the district court, the district court erred in granting the city's summary judgment motion.

**Reversed.**

---

3. Section 6 states, in relevant part, that such person so objecting shall have the right to appeal from such order of confirmation of the City Council, to the District Court ... at any time within thirty days after such order. Such appeal shall be made by serving a written notice of such appeal upon the Mayor or City Clerk ... and by filing the notice of appeal upon the clerk of district court within ten days after its service.

Minneapolis, Minn., City Charter ch. 10, § 8.

4. Section 8 states, in relevant party that "the owner may appeal to district court by serving a notice upon the Mayor or the City Clerk within thirty days after the City Council has adopted the assessments and by filing the notice with the clerk of district court within ten days after its service...." Minneapolis, Minn., City Charter ch. 10. § 8.