# STATE OF MINNESOTA
# IN COURT OF APPEALS
## A14-1992
## A15-0064

McCullough and Sons, Inc.,
Respondent,

vs.

City of Vadnais Heights,
Appellant.

**Filed August 17, 2015**
**Reversed and remanded**
**Hudson, Judge**

Ramsey County District Court
File No. 62-CV-14-5555

Mark P. Essling, North Branch, Minnesota; and

Andrew M. Essling, Essling Law Office, LLC, Scandia, Minnesota (for respondent)

James C. Erickson, Jr., Caroline Bell Beckman, Erickson, Bell, Beckman & Quinn, P.A., Roseville, Minnesota (for appellant)

Susan L. Naughton, League of Minnesota Cities, St. Paul, Minnesota (for amicus curiae)

Considered and decided by Hudson, Presiding Judge; Worke, Judge; and Willis, Judge.[*]

## S Y L L A B U S

When read in conjunction, the plain language of Minn. Stat. § 429.061 (2014) and

Minn. Stat. § 429.081 (2014) provides that the right to appeal a special assessment to the

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

district court is forfeited unless the assessment is objected to in writing and signed by the taxpayer before or at the special-assessment hearing.

**O P I N I O N**

**HUDSON**, Judge

In this special-assessment dispute, appellant city argues that the district court erred by concluding that (a) Minn. Stat. §§ 429.061, .081, do not require a written objection in order to appeal a special assessment to the district court; and (b) even if a written objection is required under the applicable statutes, respondent landowner did not forfeit the right to appeal because respondent substantially complied with the written objection requirement. We reverse and remand.

**FACTS**

Respondent McCullough and Sons, Inc., is a Minnesota corporation that owns real property in Vadnais Heights. The property, which is zoned commercial, consists of approximately nine acres of vacant land and contains a billboard used for advertising purposes. The property is undevelopable because part of the property is a wetland, and the remaining soil is contaminated due to its use as a disposal site for the demolition of Ancker Hospital several decades ago.

In July 2013, appellant City of Vadnais Heights held a feasibility hearing regarding a proposed road-improvement project. The road improvement was designed to serve commercial development in the area with a signalized intersection at County Road E, thus providing better access for nearby commercial properties, including respondent's property. The road improvement was also required as a condition of the development of a nearby

2

hotel and medical facility. During the hearing, which was attended by a representative of respondent, funding methods for the project were discussed, including funding by special assessment.

A year later, respondent received notice from appellant regarding an assessment hearing scheduled for July 17, 2014. The notice stated that the proposed assessment for respondent's property was approximately $158,000. James McCullough, one of respondent's shareholders, appeared at the July 17 assessment hearing and spoke on the company's behalf. Although respondent did not provide a written objection to the assessment prior to the July 17 hearing, McCullough provided his name and address for the record when he addressed the city council. And, as directed by the mayor, McCullough signed the "yellow pad" when he finished speaking.

After taking testimony, the city council adopted the proposed amendment, including the assessment against respondent's property of approximately $158,000. Respondent subsequently appealed the assessment to the district court. Shortly thereafter, appellant moved for summary judgment, claiming that under Minn. Stat. § 429.081, respondent was precluded from appealing the assessment to the district court because the special assessment was not objected to in writing prior to or at the July 17, 2014 city council meeting.

On September 24, 2014, the district court denied appellant's motion for summary judgment, concluding that a "written objection was not required as a matter of law." Instead, the district court determined that "the applicable statute conferred appellate jurisdiction on the court if there was an oral objection lodged by the taxpayer during the July 17, 2014 city council meeting." But the district court found that there was a genuine

3

issue of material fact as to whether McCullough "actually lodged an oral objection during the city council meeting."

The district court held an evidentiary hearing on the issue of whether respondent perfected its appeal by orally objecting to the special assessment. The district court subsequently filed an order on November 24, 2014, finding that respondent "through McCullough, objected to the proposed special assessment at the July 17, 2014 Assessment Hearing." Thus, the district court concluded, respondent preserved its right to appeal the special assessment. The district court also analyzed in further detail its previous decision to deny appellant's motion for summary judgment. Finally, the district court concluded that "[e]ven if the court were to accept [appellant's] argument that section 429.081 required [respondent] to provide a written objection, there was substantial compliance" with that requirement because (1) the city reduced McCullough's "testimony objecting to the special assessment to writing, albeit unartfully, by recording it in the official minutes" of the city council hearing; and (2) McCullough signed the yellow pad after speaking, as directed by the mayor.

On November 21, 2014, before the district court issued its order finding that respondent objected to the special assessment at the assessment hearing, appellant filed a notice of appeal of the September 24, 2014 order denying its motion for summary judgment. Appellant's statement of the case indicated that the basis for the summary-judgment motion was that the district court lacked subject-matter jurisdiction to consider respondent's special-assessment appeal because no written objection to the special assessment was made

4

before or at the assessment hearing. Appellant later filed a notice of appeal of the November 24, 2014 order.

In an order dated January 14, 2015, we accepted this appeal "as taken from an order denying appellant's motion for summary judgment on the ground of lack of subject matter jurisdiction." We further ordered that the two appeals be consolidated.

## ISSUES

I.     Did the district court err by denying appellant's motion for summary judgment on the grounds that a written objection is unnecessary under Minn. Stat. §§ 429.061, .081, in order to preserve an appeal of a special assessment to the district court?

II.    Did the district court err by concluding that even if a written objection is required to preserve an appeal of a special assessment to the district court, respondent substantially complied with the written-objection requirement?

## ANALYSIS

Generally, an order that denies a motion for summary judgment is not appealable if the district court has not certified that the question is important and doubtful. Minn. R. Civ. App. P. 103.03. But an order denying summary judgment is immediately appealable when dismissal is sought based on the district court's lack of subject-matter jurisdiction. *McGowan v. Our Savior's Lutheran Church*, 527 N.W.2d 830, 831-32 (Minn. 1995).

On appeal from a denial of summary judgment, this court determines whether any genuine issues of material fact exist and whether the district court erred in applying the law. *Mumm v. Mornson*, 708 N.W.2d 475, 481 (Minn. 2006). In reviewing the denial of summary judgment, we "consider the evidence in the light most favorable to the nonmoving party." *Id.* But statutory interpretation is a question of law subject to de novo review. *Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 836 (Minn. 2012).

5

# I.

Appellant argues that under Minn. Stat. §§ 429.061, .081, a taxpayer must file a written objection before or at the assessment hearing in order to preserve an appeal of a special assessment to the district court. Appellant claims that because respondent failed to file the statutorily required written objection, the "district court never should have had jurisdiction over this assessment appeal."[1] Thus, appellant argues that the district court erred by denying its motion for summary judgment.

The object of statutory interpretation is to ascertain and effectuate the intention of the legislative body. Minn. Stat. § 645.16 (2014). In doing so, we first determine whether the statute's language, on its face, is ambiguous. *Am. Tower, L.P. v. City of Grant*, 636 N.W.2d 309, 312 (Minn. 2001). A statute is ambiguous if it is subject to more than one reasonable interpretation. *Amaral v. St. Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn. 1999). Words and phrases are construed according to their plain and ordinary

---

[1] We note that the United States Supreme Court has cautioned against the misuse of the word "jurisdictional." *See Kontrick v. Ryan*, 540 U.S. 443, 454, 124 S. Ct. 906, 915 (2004) (stating that "[c]ourts, including this Court . . . have more than occasionally [mis]used the term 'jurisdictional'"). "Subject-matter jurisdiction is best understood as the power to hear particular classes of cases." *Citizens for Rule of Law v. Senate Committee on Rules & Admin.*, 770 N.W.2d 169, 173 (Minn. App. 2009), *review denied* (Minn. Oct. 20, 2009); *see also Kontrick*, 540 U.S. at 455, 124 S. Ct. at 915 (identifying subject-matter jurisdiction as "prescriptions delineating the classes of cases . . . falling within a court's adjudicatory authority"). Under this definition, Minnesota district courts have subject-matter jurisdiction over most civil and criminal cases, with some exceptions. Minn. Const. art. VI, § 3 (designating original jurisdiction in the district courts). Here, the issue does not relate to the classes of cases within the district court's adjudicatory authority, but rather addresses whether the appropriate statutory prerequisites have been satisfied in order to provide the district court with authority to hear the appeal. Thus, although appellant phrases the issue as one of subject-matter jurisdiction, the issue is not actually one of jurisdiction.

meanings. *Frank's Nursery Sales, Inc. v. City of Roseville*, 295 N.W.2d 604, 608 (Minn. 1980); *see also* Minn. Stat. § 645.08(1) (2014) (providing that words and phrases are construed according to their common usage). When the legislature's intent is clearly discernible from a statute's plain and unambiguous language, we interpret the language according to its plain meaning without resorting to other principles of statutory construction. *City of Brainerd v. Brainerd Invs. P'ship*, 827 N.W.2d 752, 755 (Minn. 2013).

Minn. Stat. § 429.081 governs the process for appealing a special assessment. The statute provides in relevant part:

> Within 30 days after the adoption of the assessment, any person aggrieved, who is not precluded by failure to object prior to or at the assessment hearing, or whose failure to so object is due to a reasonable cause, may appeal to the district court by serving a notice upon the mayor or clerk of the municipality.

Respondent argues that because section 429.081 does not contain the words "written objection," an oral objection at the assessment hearing is sufficient to preserve the aggrieved party's appeal rights. Appellant acknowledges that section 429.081 "does not expressly state that an objection must be written and signed by the property owner." But appellant argues that section 429.081 must be read in conjunction with Minn. Stat. § 429.061, subd. 2, which appellant claims expressly requires that unless a written and signed objection is filed before or at the assessment hearing, the right to appeal a special assessment is forfeited. Appellant is correct.

7

This court has recognized that the limitations on the right to appeal set forth in section 429.081 flow from Minn. Stat. § 429.061. *Peterson v. City of Inver Grove Heights*, 345 N.W.2d 274, 276 (Minn. App. 1984). Section 429.061 is entitled "Assessment Procedure," and subdivision 1 of that section is labeled "Calculation, notice." Minn. Stat. § 429.061, subd. 1. This subdivision sets forth the notice requirements with respect to a proposed assessment. *Id.* Specifically, it provides that notice that the city council is considering levying a special assessment must be published in the newspaper and mailed to the owners of the affected property. *Id.* The subdivision also states that such publishing and mailing shall be no less than two weeks prior to the assessment hearing. *Id.* The subdivision further sets forth the required contents of the notice, including a statement that "written or oral objections" to the assessment will be considered at the assessment hearing. *Id.* Finally, and most importantly, the subdivision states that the notice must inform the taxpayer of the proper procedure to appeal, and it specifically requires that "[t]he notice must also state that no appeal may be taken as to the amount of any assessment adopted pursuant to subdivision 2, unless a *written objection* signed by the affected property owner is filed with the municipal clerk prior to the assessment hearing or presented to the presiding officer at the hearing." *Id.* (emphasis added).

Among other things, subdivision 2 of section 429.061 sets forth the procedure for adopting the special assessments. That subdivision specifically states that at the assessment hearing, "or at any adjournment thereof the council shall hear and pass upon *all objections* to the proposed assessment, whether presented orally or in writing." Minn.

8

Stat. § 429.061, subd. 2 (emphasis added). Respondent stresses that the statute provides that objections to the assessments may be made either orally or in writing. *See id.* In fact, the subdivision states that the city council "*may* hear further oral or written testimony" as to the amount of the assessment at the adjournment of the hearing. *Id.* (emphasis added). But that does not end the analysis because like subdivision 1, subdivision 2 then unambiguously states that "[n]o appeal may be taken as to the amount of any assessment adopted under this section unless written objection signed by the affected property owner is filed with the municipal clerk prior to the assessment hearing or presented to the presiding officer at the hearing." *Id.*

Finally, section 429.081, which is entitled "Appeal to District Court," sets forth the procedure to appeal the adoption of an assessment. The statute provides that the appeal must be brought within 30 days after the adoption of the assessment and that notice of the appeal must be filed with the court administrator within ten days after its service. Minn. Stat. § 429.081. The statute further mandates that in order to appeal, the aggrieved party must have objected to the assessment prior to or at the assessment hearing, unless such failure to object is "due to a reasonable cause." *Id.*

Although it would have been helpful for Minn. Stat. § 429.081 to contain the phrase "object in writing," the written-objection requirement is clear when section 429.081 is read in conjunction with section 429.061 because the interplay between the two statutes establishes the written-objection requirement. *See Septran, Inc. v. Indep. Sch. Dist. No. 271*, 555 N.W.2d 915, 919 (Minn. App. 1996) (stating that "well-established rules of statutory construction require this court to harmonize apparently

9

conflicting statutory provisions where possible"), *review denied* (Minn. Feb. 26, 1997). Minn. Stat. § 429.081 provides that in order to appeal to the district court, an aggrieved party must have objected to the assessment. Minn. Stat. § 429.061, subd. 2, then sets forth the manner in which the aggrieved party must object in order to preserve the objection for appeal to the district court, by mandating that the objection be in writing. And Minn. Stat. § 429.061, subd. 1, further emphasizes the manner in which the objection must be made in order to preserve the appeal, and requires that the city provide written notice to the taxpayers of the proper procedure to object to the assessment if a party intends to preserve the objection for appeal.

Respondent nevertheless argues that a logical reading of Minn. Stat. § 429.061, subd. 2, demonstrates that a written objection is unnecessary to preserve an appeal of a special assessment. To support its claim, respondent points to the subdivision's use of the words "filed" and "presented." *See* Minn. Stat. § 429.061, subd. 2 (stating that "[n]o appeal may be taken as to the amount of any assessment adopted under this section unless written objection signed by the affected property owner is *filed* with the municipal clerk prior to the assessment hearing or *presented* to the presiding officer at the hearing" (emphasis added)). Respondent claims that "[i]n normal usage written objections are filed and verbal objections are presented." Thus, respondent contends that the legislature's use of different action verbs in the sentence suggests that in order to preserve an appeal to the district court, a taxpayer may object either in writing prior to the assessment hearing or orally at the assessment hearing.

We disagree. Respondent's reading of section 429.061, subdivision 2, is strained and inconsistent with the plain language of the statute. The applicable language states: "No appeal may be taken as to the amount of any assessment adopted under this section unless written objection signed by the affected property owner is filed with the municipal clerk prior to the assessment hearing or presented to the presiding officer at the hearing." Minn. Stat. § 429.061, subd. 2. The subject of "presented" is "written objection," which demonstrates that no appeal may be taken unless a written objection is filed prior to the assessment hearing or unless a written objection is presented at the hearing. *See id.* Thus, respondent's argument that when an objection is "presented," it is necessarily done so orally, is without merit.

Caselaw also supports appellant's position that a written objection is necessary to preserve an appeal of an assessment to the district court. Although there is no caselaw directly on point, dicta from several cases indicate that a written objection is required in order to preserve for appeal an objection to an assessment. In *Peterson*, an aggrieved landowner appealed an assessment adopted by the municipality after she failed to appear at the assessment hearing and failed to file a written objection. 345 N.W.2d at 275-76. The issue before this court was whether the landowner's "personal belief that the assessment she received did not apply to her property constitute[d] 'reasonable cause' for failing to timely object to the assessment." *Id.* at 276. This court recognized that Minn. Stat. §§ 429.081, .061, subd. 2, "are not ambiguous. They require timely *written objections* or a reasonable cause for failing to so object to preserve the right to appeal." *Id.* at 277 (emphasis added). The court then concluded that the landowner's "subjective

11

belief that a proposed assessment did not apply to her property was not a reasonable cause for failing to submit *written objections* to the assessment." *Id.* at 274 (emphasis added).

The written-objection requirement was also recognized by the Minnesota Supreme Court in *Sievert v. City of Lakefield*, 319 N.W.2d 43 (Minn. 1982). In that case, the supreme court held that a "claim against a city for damages due to breach of contract to finance road improvements from general revenues rather than special assessments was waived because it was not asserted pursuant to Minn. Stat. § 429.081 (1976)." *Id.* at 43. In reaching its conclusion, the supreme court stated that "Minn. Stat. § 429.061, subd. 2 (1980), broadly requires the city to hear and pass upon 'all objections' to the proposed amendment and section 429.081 implicitly permits all such objections to be raised on appeal." *Id.* at 44. But the supreme court also specifically noted that "[a]t the time these assessments were adopted it was not necessary to object before the city council to preserve one's right to appeal. Subsequent amendment in 1978 requires a written objection at the legislative level." *Id.* at 44 n.3 (citation omitted).

Finally, in *City of Chisago City v. Poulter*, this court held that the

> [f]ailure of an aggrieved property owner to *submit written objections* to a proposed assessment before or at a city's special assessment hearing does not preclude the property owner from appealing to the district court if the appeal is timely filed and the reason for failing to *submit written objections* was due to lack of written notice of such hearing or other reasonable cause.

342 N.W.2d 167, 167-68 (Minn. App. 1984) (emphasis added).

Here, the district court concluded that *Peterson* and *Poulter* are "inapposite" because the "courts only considered whether the taxpayer demonstrated good cause for failing to object to the assessment."[2] We acknowledge these cases are not entirely apposite; nevertheless, they all recognize in dicta that *written objections*, or a reasonable cause for failing to so object, are necessary to preserve the right to appeal. The dicta from these cases are persuasive, especially in light of the plain language of Minn. Stat. § 429.061, subds. 1, 2. *See Hebert v. City of Fifty Lakes*, 784 N.W.2d 848, 855 (Minn. App. 2010) (recognizing that dicta can have persuasive value).

In sum, we conclude that when Minn. Stat. § 429.061 is read in conjunction with Minn. Stat. § 429.081, the plain language of these statutes provide that a taxpayer forfeits the right to appeal a special assessment to the district court unless the assessment is objected to in writing and signed by the taxpayer prior to or at the assessment hearing. Therefore, the district court erred by concluding that a taxpayer is not required to object in writing before or at the assessment hearing in order to preserve the right to appeal the special assessment to the district court.

**II.**

Appellant also challenges the district court's conclusion that even if a written objection is required to preserve the right to appeal the special assessment to the district court, respondent substantially complied with this requirement. Specifically, the district

---

[2] *Sievert* was not cited by appellant before the district court or before this court on appeal.

13

court concluded that respondent substantially complied when McCullough's oral objection was reduced to writing in the official city council minutes and he signed the yellow pad after speaking. Appellant argues that this conclusion is erroneous because Minn. Stat. §§ 429.061, .081 require strict compliance rather than substantial compliance.

We agree. Our supreme court has recognized that appeals from special assessments are "wholly statutory, there being no common-law right to such appeal, and . . . conditions imposed by the statute must be strictly complied with. The conditions will not be extended by construction." *Wessen v. Vill. of Deephaven*, 284 Minn. 296, 298, 170 N.W.2d 126, 128 (1969) (citation omitted).

The district court relied on *Poulter*, which cited *In re Indian Trail Trunk Sewer System v. Spokane*, 666 P.2d 378 (Wash. App. 1978), a court of appeals case from the State of Washington. In the Washington case, the court held that oral objections voiced at an assessment hearing, which were reduced to writing and included in the transcript of the city council hearing, amounted to substantial compliance with the written-objection requirement, and the superior court had jurisdiction to proceed with the assessment appeal.[3] *Indian Trunk Sewer System*, 666 P.2d at 379-80. But the district court's reliance on *Poulter* is misplaced. Although *Poulter* cited *Indian Trail Trunk Sewer System*, the *Poulter* court never adopted the substantial-compliance standard discussed by the Washington Court of Appeals. *See* 342 N.W.2d at 170. Instead, the *Poulter* court

___

[3] The Washington Supreme Court later recognized that substantial compliance with the written-objection requirement was a procedural issue and not a jurisdictional issue. *In re Des Moines Sewer Dist., U.L.I.D. No. 29*, 643 P.2d 436, 438 (Wash. 1982).

14

recognized the standard in Minnesota: that "[s]tatutory assessment proceedings are to be strictly construed." *Id.*

Here, it is undisputed that respondent received written notice of the assessment hearing. The notice specifically stated that under Minn. Stat. § 429.061, "no appeal may be taken as to the amount of any assessment unless a written objection signed by the affected property owner is filed with the City Administrator prior to the assessment hearing or presented to the presiding officer at the hearing." It is also undisputed that respondent did not file a signed, written objection with the city administrator, nor was a signed, written objection presented at the assessment hearing. And there is no claim that the failure to file a signed, written objection was due to a reasonable cause. Although McCullough objected orally at the assessment hearing and signed the yellow pad as directed by the mayor, these actions do not satisfy the written-objection requirement set forth in Minn. Stat. §§ 429.061, .081. Therefore, respondent's appeal of the special assessment was not properly perfected, and the district court erred by denying appellant's motion for summary judgment.

## DECISION

When Minn. Stat. § 429.061 is read in conjunction with Minn. Stat. § 429.081, the plain language of these statutes provides that a written and signed objection must be filed prior to, or presented at, the assessment hearing in order to properly preserve the right to appeal a special assessment to the district court. Moreover, the procedural requirements of the special-assessment statutes are subject to strict compliance under well-established

15

Minnesota precedent.  Accordingly, we reverse and remand for proceedings not inconsistent with this opinion.

**Reversed and remanded.**