## THEODORE W. WESSEN AND OTHERS v. VILLAGE OF DEEPHAVEN.

170 N. W. (2d) 126.

August 8, 1969—No. 41535.

*Nielsen, Stock & Blackburn* and *D. James Nielsen,* for appellants.

*Grathwol, Ploetz & Oberhauser* and *James N. Grathwol,* for respondent.

Heard before Knutson, C. J., and Murphy, Sheran, Peterson, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

This is an appeal from an order of the district court granting defendant's motion to dismiss plaintiffs' appeal to that court from an assessment made by defendant village to allocate the cost of a storm drainage project.

On September 24, 1966, the village of Deephaven adopted an assessment with respect to a storm drainage project. Plaintiffs filed notices of appeal from that assessment to the district court pursuant to Minn. St. 429.081, which governs such appeals. However, the village subsequently determined that there had been an error in the publication of the original assessment and on December 28, 1966, it adopted a reassessment on the project. Plaintiffs again attempted to perfect an appeal to the district court. It is this appeal that was dismissed by the order challenged here. The original assessment and appeal are no longer pertinent.

The sequence of events following the adoption of the reassessment can best be presented in a simple chronological list:

(1)  January 6, 1967, notices of appeal were mailed to the attorneys for the village;

(2)  January 12, 1967, plaintiffs delivered copies of the notices of appeal to the sheriff of Hennepin County for service on the mayor or clerk of the village;

(3)  January 12, 1967, a letter containing what were termed "Notices of Objection" to the reassessment was mailed to the mayor;

(4)  January 19, 1967, the mayor was personally served with the last notices of appeal;

(5)  January 30, 1967, the last notices of appeal were filed with the clerk of district court.

It is not disputed that the above events occurred in the order and on the dates listed. On the basis of these undisputed facts the trial court concluded that plaintiffs had failed to comply with § 429.081 and granted the motion to dismiss. The statute provides:

"Within 20 days after the adoption of the assessment, any person aggrieved may appeal to the district court by serving a notice upon the mayor or clerk of the municipality. The notice shall be filed with the clerk of district court within 10 days after

its service. * * * All objections to the assessment shall be deemed waived unless presented on such appeal."

Plaintiffs raise two questions on this appeal: (1) Whether delivery of the notices of appeal to the sheriff within 20 days of the reassessment and service on the mayor within 60 days thereafter complies with the statute; and (2) whether service by mail on the attorneys for the village within the 20-day period validly perfects an appeal under the statute.

The basis of plaintiffs' claim as to delivery to the sheriff is that § 429.081 does not specify the manner in which service is to be made and therefore plaintiffs were justified in looking to the Rules of Civil Procedure. They rely on Rule 3.01, which provides that an action is commenced when service of the summons is made on the defendant or when the summons is delivered to the proper officer for service, provided actual service is made within 60 days after such delivery. Similarly, as support for the claim that service upon the village attorneys was sufficient, plaintiffs rely on Rule 5.02, which provides that service upon a party's attorney, including service by mail, is sufficient under the Rules.

In considering plaintiffs' arguments it must be kept in mind that appeals by property owners from assessments are wholly statutory, there being no common-law right to such appeal, and that the conditions imposed by the statute must be strictly complied with. Village of Edina v. Joseph, 264 Minn. 84, 93, 119 N. W. (2d) 809, 816. The conditions will not be extended by construction. The conditions imposed by § 429.081 are three: The notice of appeal must be served within 20 days of the adoption of the assessment; it must be served on either the mayor or the village clerk; and it must be filed with the clerk of the district court within 10 days after it is served.

Assuming that Rule 3.01 could be applied to the present situation (even though it deals directly with the question of when an action is commenced rather than what constitutes proper service), we do not believe that we are at liberty to adopt such

a construction of the statute. The legislature in granting the owners of property the right to appeal from assessments has provided that the government officials must be served within 20 days. Were we to hold as plaintiffs request, it would mean that a notice of appeal need not reach either the mayor or the village clerk until 80 days after the assessment was adopted. There being no evidence to the contrary, we must assume that when the legislature specified service within 20 days, notification, and not simply commencement of the action, was intended. The short time allowed can only be construed as intended to facilitate the orderly operation of municipal government and eliminate unnecessary delays in the prescribed assessment procedure.

We need not reach plaintiffs' claim as to service by mail on the attorneys for the village or their argument that the so-called "Notices of Objection" fulfilled the statutory notice requirement. Rule 5.02, on which plaintiffs rely for the sufficiency of service by mail on the attorneys, provides that service by mail is complete upon mailing. If it is assumed that such service was proper and valid, then under the provisions of § 429.081 plaintiffs had 10 days from the date of mailing within which to file the notices of appeal with the clerk of district court. It is undisputed that the notices were not filed until January 30, well beyond the prescribed time limit. Similarly, so far as appears from the record the "Notices of Objection" have never been filed. Therefore, defendant's motion to dismiss should have been granted in any event. The trial court recognized this in the memorandum accompanying his order.

Having examined all the arguments raised by plaintiffs we conclude that the order of the trial court must be affirmed.

Affirmed.