Joel **GREER, et al., Petitioners,**
**Appellants,**

v.

**CITY OF EAGAN, Respondent.**

**No. C3-92-130.**

Court of Appeals of Minnesota.

June 30, 1992.

Robert P. Laue, Joseph J. Christensen, Snelling, Christensen & Briant, P.A., Minneapolis, for appellants.

Annette M. Margarit, Severson, Wilcox & Sheldon, P.A., Apple Valley, for respondent.

Considered and decided by FORSBERG, P.J., and HUSPENI and PETERSON, JJ.

## OPINION

FORSBERG, Judge.

Appellants Joel and Elaine Greer sought to bring an action in district court appealing a special assessment levied on their property by respondent City of Eagan. The Greers appeal from the district court's grant of summary judgment to the City dismissing their assessment appeal as untimely. We affirm.

## FACTS

The Greers own property in Eagan, Minnesota. In January 1989, the Eagan City Council authorized a public works project under which street, sewer, water laterals, and other improvements were to be constructed in the right of way adjacent to the property. At a final hearing held on July 2, 1991, the City Council levied a special assessment of $16,812.45 against the Greers' property.

On July 26, 1991, the Greers served a Notice of Appeal from the special assessment on the City by serving the city clerk. Five days later, on July 31, 1991, the Greers' attorney sent by first class mail a copy of the Notice to the Dakota County District Court for filing. In a letter to the clerk of district court, the attorney stated: "It is imperative that the Notice of Appeal be filed with your office within ten days of the date of service on the city and, therefore, we would appreciate your prompt attention to this request."

However, the Notice was not stamped "received" by the district court until August 6, 1991, eleven days after it had been served on the City. The Notice was stamped "filed" on August 7, 1991, twelve days after it had been served on the City.

Following a hearing, the district court determined the Notice was not timely because it was not filed with the district court within 10 days after its service on the city clerk, as required by Minn.Stat. § 429.081 (1990). The district court therefore granted summary judgment to the City, and dismissed the Greers' assessment appeal.

## ISSUE

Did the trial court err in granting summary judgment?

## ANALYSIS

Summary judgment is appropriately granted where there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. Minn. R.Civ.P. 56.03. The facts of this case are not in dispute, and the sole issue is whether the trial court properly applied the law.

Minn.Stat. § 429.081 (1990) provides in pertinent part:

> Within 30 days after the adoption of the assessment, any person aggrieved * * * may appeal to the district court by serving a notice upon the mayor or clerk in the municipality. *The notice shall be filed with the court administrator of the district court within ten days after its service.*

(Emphasis added.)

The Greers argue that their assessment appeal should be considered timely under Minn.R.Civ.P. 6.05. That rule provides in pertinent part:

> Whenever a party has the right or is required to act within a prescribed period after the service of a notice or other paper upon the party, or whenever such service is required to be made a prescribed period before a specified event, and the notice or paper is served by mail, three days shall be added to the prescribed period.

The Greers insist that under this rule, the 10–day time period set out in section 429.081 may be enlarged to 13 days when a notice of appeal is mailed to a district court for filing.

However, rule 6.05 discusses *service* of papers, not *filing*. In addition, rule 6.05 extends the time period for a party when that time period is calculated from the date that party receives service of a notice or other paper. *See* 1 David Herr & Roger Haydock, *Minnesota Practice* § 6.8, at 157 (1985). Rule 6.05 does not apply to situations like this where the time for filing is solely within the control of one party, and

is not affected by the actions of the other party.

The result reached here is generally consistent with the few cases cited to us by the parties which deal with appeals under section 429.081. In *Wessen v. Village of Deephaven*, 284 Minn. 296, 170 N.W.2d 126 (1969), a property assessment was adopted on December 28, 1966. The property owners mailed notices of appeal to the city attorneys on January 6, 1967; on January 12, they delivered notices to the sheriff for service on the mayor; on January 19, the notices of appeal were personally served upon the mayor; and on January 30, the notices were filed with the district court. At that time, section 429.081 required an appeal to be taken within *20* days after adoption of an assessment.

The property owners in *Wessen* argued that their appeal was timely under Minn. R.Civ.P. 3.01, which provided that an action commences when the summons is delivered to the proper officer for service, provided actual service is made within 60 days after such delivery. The property owners also argued that service upon the attorneys was timely under Minn.R.Civ.P. 5.02, which provided that service upon a party's attorney, including service by mail, is sufficient.

In dismissing the appeal as untimely, the supreme court noted that application of rule 3.01 "would mean that a notice of appeal need not reach either the mayor or the village clerk until 80 days after the assessment was adopted." *Wessen*, 284 Minn. at 299, 170 N.W.2d at 128. Such a result, the court concluded, was contrary to the statute:

> [W]e must assume that when the legislature specified service within 20 days, notification, and not simply commencement of the action, was intended. The short time allowed can only be construed as intended to facilitate the orderly operation of municipal government and eliminate unnecessary delays in the prescribed assessment procedure.

*Id.* The court further concluded it need not reach the property owners' claim that service upon the attorneys by mail was timely under rule 5.02, because even if such service was proper and valid, the notices still were not timely filed with the district court within 10 days after that service. *Id.*

In *Vernco, Inc. v. Township of Manyaska*, 290 N.W.2d 443 (Minn.1980), the supreme court reversed the district court's dismissal of an appeal from a proposed assessment. In so doing, the court stated:

> Plaintiffs attempted to serve their notice of appeal from the proposed assessment for the improvement of a road in Martin county by leaving a copy at the home of the township clerk with his mother. The district court dismissed the appeal, concluding that Minn.Stat. 429.-081 (1978) requires service of the notice of appeal personally upon the mayor or clerk of the municipality.
>
> While we agree that substitute·service upon a municipality is an impermissible method of statutory service, the fact is undisputed that the township received actual notice of the appeal within the time provided by Minn.Stat. 429.081 (1978). We therefore conclude that such *actual notice within the time limitations* provided by statute is sufficient to confer jurisdiction upon the district court.

*Vernco*, 290 N.W.2d at 444 (citations omitted).

*Wessen* and *Vernco* both suggest that while a notice of appeal need not be personally served upon a municipality as required by section 429.081, the municipality must still have actual notice of the appeal *within the time limits of section 429.081.* Thus, under the reasoning of either case, the Greers' appeal is untimely.

In *Andrusick v. City of Apple Valley*, 258 N.W.2d 766 (Minn.1977), the supreme court affirmed dismissal of an appeal from an assessment on the ground that the district court lacked jurisdiction because the notice of appeal was improperly served upon the city clerk on a holiday. The court reasoned that because *an appeal in an assessment proceeding initiates a "civil action,"* the notice of appeal is a "civil process" which may not be served on a holiday under Minn.Stat. § 645.44, subd. 5. *Andrusick*, 258 N.W.2d at 767–68. The

court also noted that although assessment proceedings are initially legislative and administrative in nature, the judicial system is invoked when the notice of appeal is "properly served and filed." *Id.* at 767. Thus, under *Andrusick*, the district court in this case never obtained subject matter jurisdiction because the Greers' appeal was not timely filed with the court.

Finally, the Greers argue their Notice should be considered timely because the City has not been prejudiced and dismissal of their appeal is unduly harsh. However, given our conclusions that the statute must be strictly construed and that proper filing with the district court is jurisdictional, we have little discretion to consider such equitable arguments or to waive the statutory time limits.

## DECISION

The grant of summary judgment to the City is affirmed.

Affirmed.