Allan G. CEDERBERG, Appellant,

v.

**CITY OF INVER GROVE HEIGHTS, Respondent.**

No. A04–214.

Court of Appeals of Minnesota.

Sept. 21, 2004.

Allan G. Cederberg, Inver Grove Heights, MN, pro se appellant.

Tona T. Dove, Levander, Gillen & Miller, P.A., South St. Paul, MN, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge, KALITOWSKI, Judge, and HUDSON, Judge.

## OPINION

KLAPHAKE, Judge.

Pro se appellant Allan G. Cederberg challenges the district court's dismissal of his appeal from a special assessment imposed on his residential property by respondent City of Inver Grove Heights (the city). The district court dismissed the appeal as untimely after determining that appellant failed to comply with the mandatory jurisdictional requirements of Minn. Stat. § 429.081 (2002). The court also determined that appellant's attempt to join additional affected property owners was improper and invalid.

Because the district court timely received the appeal papers on June 9, 2003, even though the papers were not stamped

"filed" until June 24, 2003, we conclude that the district court erred in dismissing the appeal. Because appellant's attempt to join additional affected property owners was improper under Minn. R. Civ. P. 20.01, we conclude that the district court did not err in dismissing these additional parties. We therefore affirm in part, reverse in part, and remand to consider whether the city acted unlawfully by imposing a special assessment that exceeds the benefit to appellant's property.

## FACTS

In December 2002, the city council adopted a resolution ordering certain improvements to 82nd Street that included grading, gravel base, drainage culverts, bituminous surfacing, and related appurtenances. The improvements were to be funded by special assessments to be paid by all affected property owners, including appellant. In April 2003, appellant and four other property owners submitted their objections to the proposed project.

Proper notice was sent to all affected property owners, including appellant, for a May 12, 2003 hearing. Notice also was published. The notices stated:

> An owner may appeal an assessment to the District Court pursuant to Minnesota Statute, Section 429.081, by serving notice of the appeal upon the Mayor or the Clerk of the City within thirty (30) days after the adoption of the assessment and filing such notice with the District Court within ten (10) days after service upon the Mayor or the Clerk.

At the assessment hearing, the assessments were approved and adopted by the city council. On May 15, appellant was provided with a "Statement of Special Assessments."

On June 9, 2003, appellant served the City Clerk with a "Petition Against Local Improvements and Assessment," which ob-

jected to the assessment and requested the district court "to hear this appeal." A copy of the petition was also stamped "received" by the district court on June 9, suggesting that appellant, or someone else, personally delivered it to the Dakota County District Court on that date. For some reason, the petition was not stamped "filed" by the district court administrator until two weeks after its receipt, on June 24, 2003.

The city moved for summary judgment and dismissal, arguing that appellant failed to comply with the mandatory time limits of Minn.Stat. § 429.081 (2002), because the appeal was not "filed" with the district court within 10 days after it was served on the city. The city also argued that appellant's attempt to join additional property owners was invalid, because these additional owners did not personally sign the appeal papers and because their issues were not identical.

On December 17, 2003, the district court granted the city's motion for summary judgment. The court determined that it had no jurisdiction over the appeal because appellant failed to comply with the mandatory requirements of Minn.Stat. § 429.081 and because his attempt to join additional property owners was improper and invalid. This appeal followed.

## ISSUES

1. Did the district court err in determining that appellant failed to timely file his appeal with the district court administrator as required by Minn.Stat. § 429.081 (2002)?

2. Did the district court properly determine that it lacked jurisdiction to hear a joint appeal, where the issues of the additional property owners were not identical?

## ANALYSIS

Summary judgment is properly granted when there are no genuine issues of material fact and either party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. We view the evidence in a light most favorable to the party against whom summary judgment is granted. *Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn.1981).

## I.

■ In order to perfect an assessment appeal, an aggrieved party must first serve a notice of appeal on the city clerk within 30 days after the city adopts the assessments. The party must then file the notice of appeal with the district court administrator within 10 days after service upon the city clerk. Minn.Stat. § 429.081 (2002). These appeal requirements are mandatory and strictly construed. *Wessen v. Village of Deephaven,* 284 Minn. 296, 298, 170 N.W.2d 126, 128 (1969); *Village of Edina v. Joseph,* 264 Minn. 84, 93–94, 119 N.W.2d 809, 816 (1962).

Here, it is undisputed that appellant timely served his appeal on the city clerk on June 9, 2003. It is also undisputed that his appeal papers were stamped "received" by Dakota County District Court on the same day, June 9, 2003. For unknown reasons, the papers were not stamped "filed" until June 24, 2003, two weeks later, well beyond the 10–day time limit set out in Minn.Stat. § 429.081.

A document is "filed" when it is "deliver[ed] … to the court clerk or record custodian for placement into the official record." *Black's Law Dictionary* 642 (7th ed. 1999). The document must be delivered to the clerk at his office or at the place where it is required to be filed. *Schulte v. First Nat'l Bank of Minneapolis,* 34 Minn. 48, 51, 24 N.W. 320, 321 (1885) (stating that "mere delivery of the

paper to the clerk to be filed, at a place other than his office, where it was required to be filed, even though the proper endorsement was put upon the paper, did not constitute a filing in that office").

Cases from other jurisdictions hold that the actual date of filing is the date upon which a pleading or a document is delivered or handed to the clerk to be filed, and that the clerk's endorsement as to the date of filing is merely the best evidence of the date of filing and is presumed correct so long as it is not challenged. *Lavan v. Philips,* 184 Ga.App. 573, 362 S.E.2d 138, 139 (1987); *see also Valio v. Bd. of Fire & Police Comm'rs,* 311 Ill.App.3d 321, 244 Ill.Dec. 136, 724 N.E.2d 1024, 1029 (2000) (stating that document is filed when it is delivered to proper officer with intent of having document kept on file by such officer in proper place, and that "ministerial tasks such as stamping a pleading 'Filed' are unnecessary to perfect a filing"); *Wallace v. Wallace,* 708 So.2d 1190, 1191 (La. App.1998) (stating that pleading is filed when it is delivered to clerk of court for that purpose and that clerk's failure to endorse and file pleading is not imputable to litigant). These jurisdictions further hold that the "critical date is the date the document is received; and, once the document is delivered, the person filing the document is not responsible for the disposition of the document by the clerk's office." *Euge v. Golden,* 551 S.W.2d 928, 931 (Mo.App.1977); *see also NCD, Inc. v. Kemel,* 308 Ill.App.3d 814, 242 Ill.Dec. 419, 721 N.E.2d 698, 701 (1999) (disagreeing with argument that litigant has duty to ensure that clerk file-stamps pleading and places it in court file).

Minnesota case law does not address this particular issue. In *Greer v. City of Eagan,* 486 N.W.2d 470, 471 (Minn.App. 1992), five days after serving their notice of appeal on the city clerk, the property

owners mailed their notice of appeal to the district court for filing. But the notice was not stamped "received" by the district court until 11 days after it had been served on the city; it was stamped "filed" 12 days after it had been served on the city. *Id.* The property owners argued that their appeal should be considered timely because under Minn. R. Civ. P. 6.05, the 10–day period may be enlarged by three days to allow for their service by mail. This court rejected the property owners' argument, noting that rule 6.05 discusses service of papers, not filing. *Greer,* 486 N.W.2d at 471. This court further concluded that its decision was generally consistent with other cases dealing with appeals under Minn.Stat. § 429.081. *Greer,* 486 N.W.2d at 472–73 (discussing other cases). Nothing in *Greer* or the other cases discussed in *Greer* precludes us from holding that appellant timely filed his appeal with the district court. The evidence here establishes that the appeal papers were received by the district court on June 9, 2003, which was well within the 10–day time limit of Minn.Stat. § 429.081, even though the papers were not stamped "filed" until June 24, 2003.

The city offers no explanation for the two-week delay, but appellant suggests that the delay occurred because "[t]he District Court has thirty days to review the Appeal for Material Fact, Date of File and Justification." Under Minn. R. Civ. P. 5.04, however, a court "administrator shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by any court rule or practice." Rule 5.04 thus supports the conclusion that a paper is filed when it is presented to the court administrator for that purpose and that the administrator may not delay filing to review the paper for proper form. *See*

*Carlson v. Cal. Dep't of Fish & Game,* 68 Cal.App.4th 1268, 80 Cal.Rptr.2d 601, 606 (1998) (holding that clerk of court did not have authority to reject filing of complaint that complied with state requirements, merely because complaint failed to comply with local rule).

We therefore conclude that the district court erred in determining that the appeal was not timely filed. Because it is undisputed that appellant's appeal papers were received by the district court on June 9, his appeal was timely, even though his papers were not stamped "filed" until June 24, 2003.

## II.

■ Appellant argues that his attempt to join additional parties in this appeal is allowed under Minn. R. Civ. P. 20.01. But joinder is generally inappropriate in assessment appeals concerning benefits and damages because "each of the[se] issues ... would necessarily be resolved on the basis of the particular facts relevant to each individual landowner's property." *Bisbee v. City of Fairmont,* 593 N.W.2d 714, 718 (Minn.App.1999) (quoting *Lenz v. Coon Creek Watershed Dist.,* 278 Minn. 1, 19, 153 N.W.2d 209, 222 (1967)). Here, the petition states that "[w]e make notice that the tax assessment of $13,989.00 of each individual for a total of $209,835 greatly exceeds any increase in property value resulting from this project." This, and other statements made by appellant, suggests that the property owners are claiming that the increases in their market values are less than the assessments imposed upon them. These challenges necessarily involve distinct facts relevant to each individual parcel of property. We therefore conclude that the district court did not err in dismissing the additional property own-

ers from this appeal.[1]

 Finally, appellant argues that the city acted unlawfully by imposing a special assessment that exceeds the benefit to his affected property. If proven, this presents a valid challenge to a special assessment. *See Carlson–Lang Realty Co. v. City of Windom,* 307 Minn. 368, 370, 240 N.W.2d 517, 519 (1976) (stating that property owner may challenge assessment by introducing evidence that amount of assessment exceeds benefit to property). The district court never reached this issue and granted summary judgment solely on the basis of the untimeliness of the appeal and the invalidity of the attempted joinder of additional property owners. Issues not presented or decided by the district court cannot be considered on appeal. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988). We therefore remand for further proceedings on this issue.

## DECISION

Because the appeal papers were received by the district court within the 10–day time limit set out in Minn.Stat. § 429.081, the district court erred in determining that this appeal was not timely filed. Because the issues raised here involve different parcels and different facts, the district court did not err in dismissing the additional property owners whom appellant attempted to join. Because the district court granted summary judgment solely on the timeliness of the appeal and

did not reach the underlying factual issues, we reverse and remand for further proceedings.

**Affirmed in part, reversed in part, and remanded.**

---

1. In the alternative, the city also argued that these additional property owners cannot be joined because none of them personally signed any documents relative to the appeal. We do not believe this is necessarily fatal to the attempted joinder. Minn. R. Civ. P. 11.01 provides that if a party to an action is not represented by a lawyer, the pleadings "shall be signed by the party." While appellant's attachment of a photocopy of the other property owners' signatures from another document fails to strictly comply with rule 11.01,

the rule further allows the striking of an unsigned paper only when "omission of the signature is [not] corrected promptly after being called to the attention of the ... party." Thus, a pleading should be stricken only if a party refuses to provide a signature after a request or order to do so is made. 1 David F. Herr & Roger S. Haydock, *Minnesota Practice* § 11.4, at 263 (2002). Here, it is unclear whether the additional property owners were ever given an opportunity to personally sign the defective petition.