**Michael Charles STEWART, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A08–917.

Supreme Court of Minnesota.

April 16, 2009.

Michael Charles Stewart, Bayport, Minnesota, pro se appellant.

Lori Swanson, Attorney General, St. Paul, Minnesota; and Susan Gaertner, Ramsey County Attorney, Mark N. Lystig, Assistant Ramsey County Attorney, St. Paul, Minnesota, for respondent.

## OPINION

MEYER, Justice.

Michael Charles Stewart filed a petition for postconviction relief in April 2008. The postconviction court denied his petition without an evidentiary hearing. We affirm.

On October 14, 1999, a Ramsey County jury convicted Stewart of first- and second-degree murder of his son, and of first-degree manslaughter (heat of passion) of his son's mother and her unborn child. The district court sentenced Stewart to two consecutive 86–month sentences for the manslaughter convictions, and another consecutive sentence of life in prison for the first-degree murder conviction.[1]

Stewart filed a direct appeal to this court, with the assistance of appellate counsel, on the issue of whether Stewart should have been allowed a jury instruction on heat-of-passion manslaughter with respect to the killing of his son. *State v. Stewart*, 624 N.W.2d 585, 588 (Minn.2001). On April 19, 2001, we affirmed the district court, concluding that the court had not erred in denying the requested heat-of-

passion instruction. *Id.* at 591. Stewart, again with appellate counsel assistance, filed a petition for postconviction relief, arguing that the district court had violated Stewart's right to equal protection and due process by denying the manslaughter jury instruction. The postconviction court denied the motion, finding that the propriety of the jury instructions had already been decided on direct appeal. Stewart filed a notice of appeal from that decision, but filed nothing further. We dismissed the appeal for inactivity.

On April 30, 2008, Stewart filed a pro se petition for postconviction relief. Stewart requested that the second postconviction court dismiss the charges for lack of subject-matter jurisdiction. Stewart asserted that the court lacked jurisdiction because the offenses of which he was convicted do not have all constitutionally-required components, as published in the Minnesota Statutes, and are therefore invalid laws. In an order dated May 15, 2008, the second postconviction court summarily denied the requested relief, finding that the petition was untimely, and that even if the claims were not time-barred, they did not have merit. Stewart filed a notice of appeal, which we, by an order, construed as appealing the May 15, 2008, denial of Stewart's pro se petition.

An incarcerated individual may petition for postconviction relief if he alleges that his imprisonment violates his rights under state or federal law. Minn.Stat. § 590.01, subd. 1 (2008). An evidentiary hearing must be held on that petition "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2008). When reviewing a postconviction

---

1. Further details regarding the events surrounding Stewart's crimes and convictions can be found in our decision on direct appeal, *State v. Stewart*, 624 N.W.2d 585 (Minn.2001).

court's denial of relief, questions of law are reviewed de novo and findings of fact are reviewed for abuse of discretion. *Arredondo v. State*, 754 N.W.2d 566, 570 (Minn. 2008).

Minnesota Statutes § 590.01, subd. 4 (2008), provides that "[n]o petition for postconviction relief may be filed more than two years after the later of: (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of the petitioner's direct appeal." The subdivision contains several exceptions to this statutory time limitation, such as a change in the law that can be applied retroactively or newly discovered evidence. *See id.* Subdivision 4 was added by a 2005 legislative amendment to the postconviction relief statutes. *See* Act of June 2, 2005, ch. 136, art. 14, § 13, 1999 Minn. Laws 901, 1097–98; *see* Minn.Stat. ch. 590. That amendment provided that the time limitation section would go into effect August 1, 2005, and stated that "[a]ny person whose conviction became final before August 1, 2005, shall have two years after the effective date of this act to file a petition for postconviction relief." *Id.* at 1098.

Stewart's conviction was affirmed on direct appeal on April 19, 2001. *Stewart,* 624 N.W.2d at 591. Stewart had two years after the effective date of the amending act, until July 31, 2007, to bring a petition for postconviction relief under the statute. Stewart did not file this postconviction petition until April 30, 2008, a date outside that statutory timeframe. Stewart did not assert or establish any of the statute's exceptions; thus, we conclude

that his petition is untimely and should not be considered on the merits.[2] *See Ortiz v. Gavenda,* 590 N.W.2d 119, 122 (Minn.1999) ("[T]he limitation provisions in a statutorily created cause of action are jurisdictional, requiring dismissal for failure to comply.")

Affirmed.

---

2. In addition to the statutory time limitation, the State contends that all of Stewart's claims are procedurally barred by the rule of *Knaffla. See State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976) (stating that "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief"). We need not reach this issue because we hold that Stewart's petition was not filed within the timeframe set forth in Minn.Stat. § 590.01, subd. 4.