**Kou MOUA, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A09–1528.

Supreme Court of Minnesota.

Jan. 21, 2010.

Rehearing Denied March 11, 2010.

Kou Moua, pro se.

Lori Swanson, Attorney General, Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant Ramsey County Attorney, for respondent.

## OPINION

GILDEA, Justice.

Kou Moua was convicted of first-degree premeditated murder after he shot and killed Va Meng Yang. We affirmed Moua's conviction on direct appeal. *State v. Moua*, 678 N.W.2d 29, 42 (Minn.2004). The case is before us now on Moua's appeal from the denial of his third petition for postconviction relief. We affirm.

The facts surrounding the crime are set forth in detail in our opinion affirming Moua's conviction. *Id.* at 32–36. Moua shot and killed Va Meng Yang on September 26, 2001. *Id.* at 32. On the day of the murder, Yang and Moua, who were acquainted, attended a birthday celebration at the Mount Airy Boys and Girls Club. *Id.* at 33. Yang and Moua left the gathering with a young woman who agreed to drive them home. *Id.* When the group arrived to drop Yang off at his cousin's home, both Yang and Moua got out of the car. *Id.* Shortly thereafter, Moua fatally shot Yang with a handgun. *Id.* at 33–35. The shots entered the side and back of Yang's body in his right arm, left shoulder, right shoulder blade, and right buttock. *Id.* at 34–35. Moua admitted to shooting Yang but claimed that he shot Yang in self-defense. *Id.* at 33–34.

Conflicting statements were presented at trial regarding whether Yang was "coming at" Moua when the shooting occurred, or whether Moua shot Yang as he was turning away from Moua to walk into his cousin's home. *Id.* at 33, 35. The State presented medical evidence that supported the latter theory, *id.* at 35, and the jury found Moua guilty of first-degree premeditated murder in violation of Minn.Stat. § 609.185, subd. (a)(1) (2000), and first-degree murder (drive-by shooting) in violation of Minn.Stat. § 609.185, subd. (a)(3) (2000). *Moua,* 678 N.W.2d at 32. He received a sentence of life in prison. *Id.*

On appeal, Moua challenged the admission of witnesses' prior inconsistent statements for impeachment purposes and argued that the evidence was not sufficient to support his conviction. *Id.* at 37. We held that the district court did not abuse its discretion by admitting the witnesses' prior statements for impeachment, and that the conviction was supported by sufficient evidence. *Id.* at 39, 42.

Since his direct appeal, Moua has sought postconviction relief three times. He filed his first petition pro se in 2005, arguing that trial counsel was ineffective in failing to request that the jury be instructed on lesser-included offenses and that appellate counsel was ineffective in failing to raise that issue. The postconviction court denied the petition, concluding that the facts did not support any of the lesser-included offenses that Moua argued should have been included in the jury instructions, and that instructions on the lesser-included crimes would have been inconsistent with Moua's self-defense theory. Moua did not appeal from that order.

In 2008, Moua again petitioned for postconviction relief. Moua argued that he was denied effective assistance of counsel, that he was denied his right to a fair and impartial jury, that he was denied his right to the jury he selected during voir dire in his first trial (which was declared a mistrial), that the judge in his first trial denied his right to "conflict-free" counsel, and that his appellate counsel was ineffective in failing to raise these issues on direct appeal. The court denied his petition, holding that he had waived his claims by failing to raise them on direct appeal and that his claims of ineffective assistance of counsel were raised and denied in his first petition for postconviction relief. In addition, the court held that the granting of a new trial corrected any errors relating to the first trial. Moua again did not appeal.

This appeal follows Moua's third petition for postconviction relief, which was filed on March 23, 2009. Moua argued in his petition that he was denied effective assistance of counsel when his trial counsel failed to obtain an expert to contest the findings of the state medical examiner, failed to request jury instructions for the lesser included offenses of second-degree intentional or unintentional murder or first-degree

manslaughter, failed to hire an investigator, and "forced" Moua to testify at trial. He also argues that he was denied effective assistance of appellate counsel because these issues were not raised in the direct appeal. Finally, he argues that he should have received an evidentiary hearing on his postconviction petitions.

■■■ The postconviction court held that because the legal basis for all of the issues Moua raises was available at the time of his direct appeal, *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976), barred the petition. We review postconviction decisions under the abuse-of-discretion standard of review. *Leake v. State,* 737 N.W.2d 531, 535 (Minn.2007). Factual determinations of the postconviction court are upheld if they are supported by sufficient evidence, and issues of law receive de novo review. *Id.*

■ The State argued to the postconviction court, and argues again on appeal, that Moua's third petition for postconviction relief should have been dismissed because it was untimely.[1] We agree.

Minnesota Statutes § 590.01, subd. 4(a) (2008), provides that, with certain exceptions, "[n]o petition for postconviction relief may be filed more than two years after . . . an appellate court's disposition of petitioner's direct appeal." The legislature added this two-year time limit with a 2005 legislative amendment to the postconviction relief statutes. *See* Act of June 2, 2005, ch. 136, art. 14, § 13, 2005 Minn. Laws 901, 1097–98. That amendment provided that the time limitation would go into effect August 1, 2005, and stated that "[a]ny person whose conviction became final before August 1, 2005, shall have two years after the effective date of this act to

file a petition for postconviction relief." *Id.* at 1098.

■ Moua's direct appeal was decided on April 22, 2004. *Moua,* 678 N.W.2d at 29. His conviction became final 90 days thereafter. *See Hutchinson v. State,* 679 N.W.2d 160, 162 (Minn.2004) (holding that a conviction is final for retroactivity purposes where "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or . . . [was] finally denied." (internal quotation marks omitted) (ellipses in original)); Sup. Ct. R. 13 (setting the time limit to file a petition for a writ of certiorari in the United States Supreme Court at 90 days from the entry of judgment by a state court of last resort). Because his conviction was final before August 1, 2005, Moua had until July 31, 2007—two years after the effective date of the amending act—to file his petition for postconviction relief. *See* R. 13; 2005 Minn. Laws at 1098; *Stewart v. State,* 764 N.W.2d 32, 34 (Minn.2009). Moua filed this petition for postconviction relief on March 22, 2009, and therefore did not meet this deadline. In the absence of an exception, Moua's petition must be dismissed as untimely. *Stewart,* 764 N.W.2d at 34.

■ The legislature provides several exceptions to the operation of the time-bar. Where a petitioner's disability prevents a timely petition, where newly discovered scientific evidence clearly and convincingly establishes innocence, where a change in the law applies to the petitioner's case, or where "the petition is not frivolous and is in the interests of justice," the two-year limit does not apply. Minn.Stat. § 590.01, subd. 4(b) (2008). In his brief, Moua brief-

---

1. The postconviction court did not rule on the State's argument that Moua's petition should

be dismissed as untimely.

ly mentions two possible exceptions to excuse his untimely petition. First, he argues that he "did not become aware of" the issues until it was too late. But there is no exception in the statute for this circumstance. *See id.*

Second, Moua cites a court of appeals case that notes "courts have heard otherwise untimely postconviction petitions, under various circumstances, when to do so is in the interests of justice." *State v. Jedlicka,* 747 N.W.2d 580, 584 (Minn.App.2008). But Moua does not explain, and we fail to see, how the interests of justice favor the hearing of his petition. We likewise conclude that none of the other exceptions in the statute apply to save Moua's petition from operation of the time limitation.

Because Moua did not file his petition within the two-year limit, and because none of the exceptions listed in the statute apply, Moua's petition was properly dismissed.

Affirmed.