**TOUA HONG CHANG, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. A09–1280.**

Court of Appeals of Minnesota.

Feb. 16, 2010.

---

Toua H. Chang, Moose Lake, MN, pro se appellant.

Lori Swanson, Attorney General; and Susan Gaertner, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, MN, for respondent.

Considered and decided by JOHNSON, Presiding Judge; STONEBURNER, Judge; and HUSPENI, Judge.*

## OPINION

JOHNSON, Judge.

In 2003, a Ramsey County jury found Toua Hong Chang guilty of first-degree criminal sexual conduct and prostitution of an individual under the age of 18 for the benefit of a gang. In 2007, Chang petitioned for postconviction relief. The district court denied the petition on the ground of untimeliness because the petition was received by the district court administrator eight days after the expiration of the statutory limitations period. On appeal, Chang argues that his postconviction petition was timely filed because, within the limitations period, he deposited the petition in the mailbox located in the prison at which he is incarcerated. We conclude that Chang's postconviction petition is untimely because it was not actually

received by the district court before the expiration of the statute of limitations. Therefore, we affirm.

## FACTS

Chang's convictions are based on allegations that four girls between the ages of 12 and 14 were sexually assaulted on several occasions in the summer of 2002. The evidence supporting the convictions is fully set forth in this court's opinion affirming the convictions on Chang's direct appeal. *State v. Chang,* No. A03–1802, 2005 WL 353987 (Minn.App. Feb. 15, 2005), *review denied* (Minn. Apr. 27, 2005). That evidence need not be repeated here.

In 2006, Chang filed a petition for a writ of *habeas corpus* in the United States District Court for the District of Minnesota. The federal district court denied the *habeas* petition, and that decision was affirmed by the United States Court of Appeals for the Eighth Circuit. *Chang v. Minnesota,* 521 F.3d 828, 829 (8th Cir.), *cert. denied,* —— U.S. ——, 129 S.Ct. 314, 172 L.Ed.2d 228 (2008).

In 2007, while his federal *habeas* appeal was pending, Chang filed a postconviction petition in the state district court to challenge his conviction. The state district court initially stayed the action until Chang's federal *habeas* proceedings were resolved. After the Eighth Circuit issued its decision, the state district court reinstated Chang's postconviction petition. The state district court then determined that Chang's petition was filed with the district court on August 8, 2007, which is the date file-stamped on the face of the petition. Based on that premise, the district court held, *sua sponte,* that the postconviction petition is untimely because Chang failed to ensure that the petition

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

was actually on file with the district court by the statutory deadline of July 31, 2007. In the alternative, the district court analyzed Chang's arguments for postconviction relief and concluded that most of the arguments are procedurally barred by *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976), and that all of the arguments are without merit. Accordingly, the district court denied the petition. Chang appeals.

### ISSUE

Did Chang timely file his postconviction petition by depositing it in the prison mailbox within the limitations period even though the petition was not received by the district court until after the expiration of the limitations period?

### ANALYSIS

■■■ Chang argues that the district court erred by concluding that his postconviction petition is untimely. When reviewing the decision of a postconviction court, we apply a *de novo* standard of review to questions of law. *Sanchez–Diaz v. State,* 758 N.W.2d 843, 846 (Minn.2008); *Arredondo v. State,* 754 N.W.2d 566, 570 (Minn. 2008.)

Requests for postconviction relief are governed by chapter 590 of the Minnesota Statutes. A person who has been convicted of a crime may commence a postconviction action "by *filing* a petition in the district court in the county in which the conviction was had." Minn.Stat. § 590.01, subd. 1 (2006) (emphasis added). This statutory remedy "takes the place of any other common law, statutory or other remedies which may have been available for challenging the validity of a conviction." Minn.Stat. § 590.01, subd. 2 (2006). As of August 1, 2005, subject to certain exceptions that do not apply here, "[n]o petition for postconviction relief may be *filed* more

than two years after" a judgment of conviction is entered or an appellate court decides the petitioner's direct appeal, whichever is later. Minn.Stat. § 590.01, subd. 4(a), (b) (2006) (emphasis added); *see also Moua v. State,* 778 N.W.2d 286, 288 (Minn.2010); *Stewart v. State,* 764 N.W.2d 32, 34 (Minn.2009).

A petitioner whose conviction "became final" before August 1, 2005, is required to have filed a postconviction petition by July 31, 2007. *Moua,* 778 N.W.2d at 288 (citing 2005 Minn. Laws ch. 136, art. 14, § 13, at 1098); *Stewart,* 764 N.W.2d at 34 (citing same session law). Chang bases his argument on the premise that his conviction became final on April 27, 2005, when the Minnesota Supreme Court denied review of his direct appeal. In fact, his conviction became final 90 days later, on July 26, 2005, the deadline for filing a petition for writ of certiorari with the United States Supreme Court. *See Moua,* 778 N.W.2d at 288. In any event, Chang's conviction became final before August 1, 2005, which means that he was required to file his postconviction petition before August 1, 2007. *Id.; Stewart,* 764 N.W.2d at 34.

Chang does not dispute that his postconviction petition was actually received by the district court on August 8, 2007, as the district court found. But Chang argues that his petition should be deemed "filed" as of July 31, 2007, because that is the date on which he asserts that he deposited the petition in the prison mailbox "for forwarding to the court clerk." In support of his argument, Chang relies on *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), in which the United States Supreme Court held that a *pro se* prisoner's notice of appeal is deemed filed when it is delivered to prison authorities for forwarding to the court. 487 U.S. at 269–71, 108 S.Ct. at 2381–82. The Court reasoned that "[t]he situation of prisoners

seeking to appeal without the aid of counsel is unique" because they "cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the ... deadline." *Id.* at 270–71, 108 S.Ct. at 2382. The Court further reasoned that *pro se* prisoners are "forced" to "entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers" and to "entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay." *Id.* at 271, 108 S.Ct. at 2382. The *Houston* Court, however, interpreted federal rules of procedure, Fed. R.App. P. 3(a), 4(a)(1), and, therefore, its holding is not binding on state courts interpreting state laws. Neither the Minnesota Supreme Court nor this court has considered in a published opinion whether to apply the rationale of *Houston's* so-called "prison mailbox rule" to similar provisions of Minnesota law. The courts of other states have taken varying approaches to the question whether the prison mailbox rule should be applied to the filing of state-court postconviction petitions. *See* Barbara J. Van Arsdale, Annotation, *Application of "Prisoner Mailbox Rule" by State Courts under State Statutory and Common Law*, 29 A.L.R. 6th 237, 274–82, 314–22 (2007) (collecting cases).

To analyze Chang's argument, we begin with the text of the postconviction statute, which states that a postconviction action is commenced by "filing a petition in the district court in the county in which the conviction was had." Minn.Stat. § 590.01, subd. 1. The petition may not be "filed" more than two years after the conviction became final. *Id.*, subd. 4(a); 2005 Minn. Laws ch. 136, art. 14, § 13, at 1098. No provision in chapter 590 defines the terms "filing" or "filed." In legal usage, to "file"

generally means "to deliver a legal document to the court clerk or record custodian for placement in to the official record." *Black's Law Dictionary* 704 (9th ed.2009). This definition also is recognized by a leading lay dictionary, which defines "file" to mean "[t]o deliver (a paper or other instrument) to the proper officer so that it is received by him to be kept on file, or among the records of his office." *Webster's New International Dictionary* 945 (2d ed. 1946).

The Minnesota Supreme Court has considered the meaning of the word "file" or "filed," when used in a statute, in two relevant cases. In *State v. Parker*, 278 Minn. 53, 153 N.W.2d 264 (1967), the court considered whether a criminal offender had timely lodged a direct appeal from his conviction pursuant to a statute that, among other things, required a notice of appeal to be *"filed* with the clerk of the court where the judgment is entered" within six months. 278 Minn. at 54 nn. 1–2, 153 N.W.2d at 265–66 nn. 1–2 (citing Minn. Stat. §§ 632.01, .02 (1965)). Parker mailed his notice of appeal to the attorney general and to the district court on the last day of the appeal period. *Id.* at 56 n. 8, 153 N.W.2d at 267 n. 8. The state moved to dismiss the appeal on the sole ground of untimely service, and the supreme court held that service of the notice of appeal was proper. *Id.* at 56, 153 N.W.2d at 266. But the court commented on the filing of the notice of appeal by stating, in *dicta*, that "[t]he meaning of the term 'filed' is plain and means that the notice of appeal must actually be received by the clerk within 6 months after judgment." *Id.* at 55, 153 N.W.2d at 266.

More recently, in *Langer v. Commissioner of Revenue*, 773 N.W.2d 77 (Minn. 2009), two taxpayers sought review of an assessment for unpaid income taxes. 773 N.W.2d at 79. A statute provided that, to

challenge such an assessment, a taxpayer must, among other things, "file with the tax court the original notice of appeal, along with proof of service, and the proper filing fee," within 60 days. *Id.* at 80 (citing Minn.Stat. § 271.06, subd. 2 (2002)). The taxpayers mailed the required documents to the tax court, but the tax court never received them. *Id.* at 79. The tax court dismissed the action. *Id.* The taxpayers argued to the supreme court that their filing with the tax court "should be deemed timely because it was mailed to the tax court before the filing deadline." *Id.* at 80. The supreme court rejected the argument, holding that the tax court "had to actually receive the Langers' [documents] by the filing deadline for their appeal to be timely." *Id.* at 81. The supreme court noted that " '[t]he legislature has ... the power to fix the conditions under which [a] tax should be assessed and enforced,' " *id.* at 80 (alteration in original) (quotation omitted), and reasoned in part that "nothing in ... section 271.06, subdivision 2, ... suggest[s] that filing by mail is complete upon mailing," *id.* at 81.

In addition, this court has considered analogous issues on at least two occasions. In *Greer v. City of Eagan*, 486 N.W.2d 470 (Minn.App.1992), property owners sought judicial review of a special assessment against their property. 486 N.W.2d at 471. The applicable statute provided that notice of the action must be served on the city within 30 days and " 'filed with the court administrator of the district court within ten days after its service.' " *Id.* (quoting Minn.Stat. § 429.081 (1990)) (emphasis omitted). The taxpayers filed their notice by mail, and the district court received the notice on the eleventh day after its service. *Id.* We rejected the taxpayers' argument that their filing was timely. *Id.* at 471–73. Similarly, in *Cederberg v. City of Inver Grove Heights*, 686 N.W.2d 853 (Minn.App.2004), the taxpayers also sought

judicial review of a special assessment pursuant to section 429.081. 686 N.W.2d at 855. The district court received the taxpayers' notice on the same day it was served on the city, but the district court did not stamp the document as having been "filed" until 15 days later. *Id.* We held that the action was timely because the "papers were received by the district court" within the applicable limitations period. *Id.* at 857. We relied in part on the definition of "filed" in *Black's Law Dictionary* and on caselaw from other states to the effect that the "date of filing is the date upon which a pleading or a document is delivered or handed to the clerk to be filed." *Id.* at 856.

The supreme court has stated, "The objective of all statutory interpretation is 'to give effect to the intention of the legislature in drafting the statute.' " *State v. Thompson*, 754 N.W.2d 352, 355 (Minn. 2008) (quoting *State v. Iverson*, 664 N.W.2d 346, 350 (Minn.2003)). The above-cited caselaw indicates that when the legislature used the terms "filing" and "filed" in section 590.01, the legislature intended the terms to refer to a district court's actual receipt of a postconviction petition. Because the legislature, which created the postconviction remedy, did not include any statutory provision expressly allowing the filing of a postconviction petition by mail or by use of prison mail facilities, we will not interpret the postconviction statute to impose different requirements on postconviction petitions submitted by such means. *See Langer*, 773 N.W.2d at 80–81. We reject Chang's argument for application of *Houston*'s prison mailbox rule because such a rule is inconsistent with our supreme court's opinions in *Parker* and *Langer*. Thus, to be timely filed, a postconviction petition must be actually received by the district court before the expiration of the statute of limitations.

In this case, as stated above, the district court found that Chang's postconviction petition was received by the district court on August 8, 2007. Chang does not challenge that finding but, rather, relies on his allegation that he deposited his postconviction petition in the prison mailbox on July 31, 2007, the last day of the limitations period. Even if we accept Chang's allegation as true, his postconviction petition was filed eight days late because it was not "filed" until it was received by the district court. Thus, the district court properly denied the petition as untimely. In light of that conclusion, we will not further analyze the substance of the issues raised by Chang's petition and the state's response to the petition. *See Stewart,* 764 N.W.2d at 34 (stating that untimely postconviction petition "should not be considered on the merits").

## DECISION

Chang did not timely file his postconviction petition by depositing it in the prison mailbox on July 31, 2007, the last day of the limitations period. Chang's petition was filed when it actually was received by the district court on August 8, 2007. Thus, the district court did not err by denying the petition as untimely.

**Affirmed.**