*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1794**

Mark Edward Wetsch, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed July 20, 2015
Affirmed
Hudson, Judge**

Hennepin County District Court
File No. 27-CR-10-52362

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer L. Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Susan L. Segal, Minneapolis City Attorney, Sarah Becker, Assistant City Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Chutich, Judge; and Hudson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HUDSON**, Judge

Appellant challenges the district court's denial of his petition for postconviction relief. He argues that the district court erroneously concluded that the petition was time-

barred and that trial counsel was constitutionally ineffective because counsel failed to inform him that she would not call a witness to testify on his behalf until the morning of trial. Because we conclude that the district court correctly determined that the postconviction petition was time-barred, we affirm.

## FACTS

Appellant Mark Edward Wetsch was charged with one count of misdemeanor violation of an order for protection in November 2010. Appellant pleaded guilty to the offense on May 9, 2011. The plea agreement called for a stayed jail sentence of 90 days, a domestic abuse no-contact order, and other terms of probation. Appellant signed a plea petition indicating that he understood that he was waiving his trial rights, including the right to call witnesses to testify on his behalf, and he informed the district court at the hearing that he understood that he was giving up those rights. The district court accepted the plea and sentenced appellant in accordance with the terms of the agreement on May 18, 2011.

On June 10, 2013, appellant filed a pro se petition for postconviction relief, seeking to withdraw his guilty plea on the basis that he did not receive effective assistance of counsel before he pleaded guilty. He asserted that trial counsel refused to secure a witness to testify on his behalf and that trial counsel informed him that, if he did not plead guilty, a bench trial would be held, and appellant would be sentenced to 90 days in jail. The district court ordered that an evidentiary hearing be held.

At the evidentiary hearing, appellant testified that he informed trial counsel that he wanted to call a witness whose testimony he believed would exonerate him, but that trial

2

counsel did not inform him until the morning of trial that she did not intend to call that witness. He stated that he pleaded guilty because he did not believe that he would prevail at trial without that witness and because trial counsel informed him that if the matter went to trial, he could be found guilty and sentenced to 90 days in jail. He stated that, had he known that he had a right to call that witness, he would not have pleaded guilty. He admitted that he reviewed and signed a plea petition that contained his trial rights, including the right to call witnesses, but stated that it was filled out quickly, and he did not fully understand those rights.

Appellant's trial counsel testified that appellant informed her of a witness that he wanted to call, but that when she investigated the witness, she determined that the witness would not testify favorably for appellant. She stated that she decided not to call that witness as a matter of trial strategy and that she informed appellant on the day of trial that she would not call the witness because the witness would not be helpful to his case. She also testified that she told appellant that, if he were convicted, the district court would have the option to ignore the terms of the state's plea offer and impose jail time. The district court concluded that the petition for postconviction relief was time-barred and denied relief. This appeal follows.

**DECISION**

Appellant argues that the district court erroneously concluded that the petition for postconviction relief was time-barred. We review a district court's decision to deny a petition for postconviction relief for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). We will not reverse findings of fact unless they are clearly

3

erroneous, but we will review legal issues de novo. *Id.* "The interpretation of a procedural rule is subject to de novo review." *Johnson v. State*, 801 N.W.2d 173, 176 (Minn. 2011).

A party may bring a postconviction petition for relief when (1) direct appellate relief is no longer available, (2) the petitioner argues that his conviction violated his rights, and (3) the claim is timely. Minn. Stat. § 590.01, subds. 1, 4 (2014). If no direct appeal is filed, the postconviction claim is timely when it is filed no more than two years after the entry of judgment of conviction or sentence. Minn. Stat. § 590.01, subd. 4(a)(1) (2014). In this case, the district court sentenced appellant on May 18, 2011, and he filed his petition for postconviction relief on June 10, 2013. His petition was therefore untimely.

The district court may still consider the merits of an untimely postconviction petition if one of five statutory exceptions applies. Minn. Stat. § 590.01, subd. 4(b). The petitioner bears the burden to demonstrate that his petition meets one of those exceptions. *Clifton v. State*, 830 N.W.2d 434, 438 (Minn. 2013). Here, appellant argues that the interest-of-justice exception is applicable. To satisfy that exception, "a claim must have substantive merit and the defendant must not have deliberately and inexcusably failed to raise the issue on direct appeal." *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010). The interests-of-justice exception is generally reserved only for exceptional circumstances, where some fundamental unfairness must be addressed to protect the integrity of the judicial system. *Carlton v. State*, 816 N.W.2d 590, 607 (Minn. 2012).

Appellant asserts that we should apply the interests-of-justice exception here because he was incarcerated for a different offense following his plea; he had limited access to the law library while incarcerated; and there were delays in processing his postconviction petition from the prison mail system through the United States Postal Service. We disagree. We have previously concluded that a postconviction petition is timely filed only if it is received by the district court before the statute of limitations expires and that delays that result from the "prison mailbox" have no bearing on the timeliness of that filing. *Chang v. State*, 778 N.W.2d 388, 393 (Minn. App. 2010). Likewise, the remaining circumstances that appellant identifies as relevant to his delay in filing the postconviction petition are not so exceptional as to warrant relief from the statutory time bar. Restrictions to the law library and other challenges that result from a petitioner's incarceration are, as the district court noted, common to "[e]very incarcerated pro-se inmate" who is considering whether to file a petition for postconviction relief. We therefore conclude that the district court properly determined that appellant's petition was time-barred.

**Affirmed.**